Harder *v.* The Board of Commissioners of Marion County.

Filed Oct. 9, 1884.

---

No. 11,654.

### HARDER *v.* THE BOARD OF COMMISSIONERS OF MARION COUNTY.

CONTRACT.—*Damages.*—If a contract for work and labor contains a stipulation giving the employer the right to revoke the contract when not satisfied with the work, the contractor has no remedy for damages resulting from the exercise of the right thus reserved.

From the Marion Circuit Court.

*W. D. Bynum* and *A. T. Beck*, for appellant.

*W. W. Woollen*, for appellee.

BICKNELL, C. C.—The appellant filed a claim against the appellees for $600, as the profits which would have accrued to him on a contract with them for work to be done on the court-house, which contract, as he alleged, the appellees had wrongfully prevented him from completing.

It appeared that the appellant was paid for all the work he did up to the 16th of December, 1882, and that then the appellees made an order revoking and cancelling the contract. They also allowed him $661.90, "balance in full of all demands against Marion county for repairing and painting in the court-house per contract," and gave him a county order "for balance in full for repairing, painting, etc., per contract," and took his receipt therefor; but he claimed afterwards that he ought to have been permitted to do more of certain work called "marbleizing," and brought this suit.

The appellant's written proposal to work for the appellees was as follows:

"I propose to do the repairing of the county court-house of Marion county as follows: The fresco-work for fifty-five cents the square yard, and repairing the walls with 'marbleizing' at $3.50 per day, * * * * * all the work to be done in a good workmanlike manner, * * * * * the commissioners to furnish the material."

This proposition was accepted with a modification as follows:

"And the board, being sufficiently advised, accepts the foregoing proposition on the terms stated. The board reserves the right to revoke and set aside the contract when not satisfied with the work being done, said work not to be commenced till the plastering is dry."

This reservation meant something; without any such stipulation the county board would have had a right to stop the work, if it was not properly done, or if the appellant proved to be incompetent. The object of the stipulation was to give the county board rights, which, without the stipulation, it would not have had, and the appellant, after agreeing to the stipulation, can not justly complain of its enforcement.

Harder *v.* The Board of Commissioners of Marion County.

There is no question about the fresco-work, but the appellant claims substantially that he ought to have been permitted to do more repairs in the way of "marbleizing" than the county board wanted done. It will be observed that there is no specification in the contract as to the extent of the repairing. All that is mentioned is repairing the county court-house with "fresco-work" and "marbleizing." It is not stated how much of either is to be done, nor in what places any of it is to be done, except that none of it is to be commenced "till the plastering is dry."

In such a contract it is for the employer to say how much repairing he wants, and a workman who, under such a contract, insists on placing repairs where he thinks fit, without regard to the directions of his employer, ought to be discharged. It seems that under the present contract the appellees had a right to stop the work when all that they desired was done, and certainly if the appellant went on repairing contrary to the directions of the appellees, involving them in expenses where they wanted no repairs, the putting a stop to further work could not be complained of if the appellant were fully paid for all he had actually done.

Here the appellant was fully paid for all he did, and there was evidence that the appellees were not satisfied with the manner in which the work was going on; that they had complained to the appellant about "spreading out" and doing work they did not want done, and were talking about discharging him, yet he continued "to spread out" and do work not wanted by the commissioners, nor contemplated in the contract.

We think that under the facts as shown by the evidence the appellant had no right to recover. His claim was disallowed by the county board.

On an appeal to the circuit court, the finding was against him, and over a motion for a new trial judgment was rendered in favor of the county commissioners; from that judgment this appeal was taken. The overruling of the motion for a new trial is the only error assigned.

The reasons for a new trial are :

1. That the finding is contrary to the evidence.

2. That the finding is contrary to law.

3. That the finding is not sustained by sufficient evidence.

4, 5, 6 and 7. That the court erred in the admission and exclusion of testimony.

We have carefully considered the testimony and are satisfied that under the proper construction of the contract between these parties, there was no error either in the admission or exclusion of testimony, and that the finding was not contrary to law and was sustained by the evidence.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

