## No. 15,789.

## KNIGHT, TRUSTEE, ET AL. V. WOODS, ET AL.

SCHOOLS.—*Location of School-House by Trustee.—Appeal to County Superintendent.—*By section 4537, R. S. 1881, an appeal lies in the matter of locating a township school-house from the decision of the township trustee to the county superintendent, and the decision of the superintendent is final.

SAME.—*Decision of Superintendent.—*The decision of the superintendent is binding on the trustee from the time it is given, though not entered in the superintendent's record until afterwards.

From the Gibson Circuit Court.

*M. W. Fields* and *J. W. Ewing,* for appellants.

*T. R. Paxton,* for appellees.

OLDS, J.—This was a suit by the appellees to enjoin the appellants from building a school-house on certain real estate condemned and paid for by the trustees for such pur-

| 129 | 101 |
| 146 | 224 |
| --- | --- |
| 129 | 101 |
| 155 | 157 |
| --- | --- |
| 129 | 101 |
| 166 | 140 |
| --- | --- |
| 129 | 101 |
| 171 | 292 |

pose, and situate in Patoka school township, in Gibson county.

The only assignment of error presenting any question is the error of the court in its conclusions of law, there being a special finding of facts and conclusions of law stated by the court.

The facts found show that appellant Knight, trustee of said township, on the 6th day of September, 1889, instituted proceedings in the Gibson Circuit Court against the owners of the real estate described in the complaint, and upon which he was about to erect a school-house, to condemn said land for school purposes for said township; that the defendant in said proceedings made default, and such proceedings resulted in a judgment of said court, on the 27th day of September, 1889, condemning said land upon payment of the damages assessed and costs; that on the 1st day of October, 1889, the said trustee paid to the clerk of said court the amount of damages assessed, with costs, to wit, $91.05; that none of the appellees were parties to such proceedings; that said real estate is situate in school district No. 11, in said township; that plaintiffs are resident voters of said district, owners of property, real and personal, situate therein liable to taxation, and all, except appellee Woods, have children between the ages of six and twenty-one years, who are entitled to the privileges of the common school in said district and township; that on September 20th, 1889, said appellees and others, resident voters and taxpayers of said school district, delivered to said trustee Knight their petition in writing, wherein said petitioners objected to said real estate as a location for a school-house, and asked said trustee not to locate or build a school-house on said land, and asked that he locate and build at another point on other lands in said district. On the 23d day of September, 1889, other resident taxpayers and patrons of said school petitioned said trustee asking that he build a school-house on said land; that said trustee made no entry in his record of any decision

on the matters presented by said petitions or either of them, and gave no notice of having made any decision on the matters presented by said petitions or either of them. On the 3d of October, 1889, said trustee caused a notice to be published in a newspaper, published at Princeton, in said county, that he would receive bids until October 25th, 1889, and on said date would let the contract for building a school-house on said real estate. On the 22d day of October, 1889, the plaintiffs, by their written notice of appeal of that date, appealed the matter of locating a school-house on said real estate from said trustee to the county superintendent of Gibson county; that said trustee prepared and delivered to Thomas W. Cullen, then superintendent of said county, a statement, in writing, of his proceedings in relation to the location of said school-house upon said real estate, and certified to the same as being a complete transcript of his record, and at the same time delivered to said superintendent the original papers, petitions and notice; that said trustee appeared before said superintendent in the matter of said appeal, and submitted the question of locality to said superintendent for decision, and extended the time of letting the contract for building said school-house until November 1st, 1889, to give time for the superintendent to render his decision. On the 29th day of October, 1889, said superintendent gave to said trustee notice, in writing, that he had decided that said school-house should be built at another point on other real estate in said district; and on the same day said superintendent made an entry on his record stating that he grants the appeal, and condemns said location of said trustee as unfit and unhealthy, and then proceeds to locate the school-house at another point, designating it. The portion of the record of the superintendent condemning the location selected by the trustee was not entered of record until after this suit was commenced, November 5th, 1889. The real estate on which the superintendent ordered the

school-house to be erected was not owned by the township; that on the 1st day of November, 1889, said trustee, with full knowledge of the decision of said superintendent, ignored said decision and contracted with appellant Williams for the construction of a school-house on the land so condemned for that purpose, to be paid for out of the public funds of said township in his hands, and said Williams is threatening to, is about to, and will build said house; that said trustee made no entry in his record concerning the location or building of the school-house, or the condemning of the land, until after the commencement of this suit, December 20th, 1889, and it does not appear what record was made at that date.

As a conclusion of law the court stated that appellees could maintain the action, and that appellants should be permanently restrained from building said school-house on the site selected by said trustee, and judgment was rendered accordingly.

We do not think there was any error in the conclusions of law stated by the court. By section 4537, R. S. 1881, appeals lie in matters of this character from the decision of the township trustee to the county superintendent, and the decision of the superintendent is made final. In so far as the decision of the county superintendent related to the condemning and prohibiting of the erection of the school-house on the site designated by the trustee, it was within his jurisdiction, and was valid and binding upon the trustee, and took from the trustee all authority to build a school-house on that site. The finding of facts shows that this decision was made upon the 29th day of October, 1889, and that the trustee had full knowledge of the decision when he let the contract to Williams, though it appears that such portion of the decision was not entered on the superintendent's record until after November 5th. The decision was binding though not entered until afterwards. *Tufts* v. *State, ex rel.*, 119 Ind. 232.

It is contended by counsel for appellant that the duty of building and providing proper school-houses is enjoined on the trustee by section 4444, R. S. 1881; that it is exclusively within the discretion of the trustee, and can not be affected by an appeal to the county superintendent; that the right of appeal lies only when proceedings are instituted by the voters of the school district, as provided by section 4499, R. S. 1881, and that in no event can the sound discretion of the trustee be controlled, as declared in the proviso to section 4499, *supra.* The proviso appended to section 4499, *supra,* relates to the action taken by the voters in relation to repairs, removing or erecting school-houses, and costs thereof, and provides that the action taken by the voters shall not be conclusive and prevent the trustee from the exercise of a sound discretion. While section 4537, *supra,* gives the right of appeal in such matters to the county superintendent, and makes his decision final, there is no inconsistency in these sections of the statute. The trustee first determines in regard to the erection, building, or removing of school-houses, and from his decision there is an appeal to the county superintendent, and his decision is made final. The decision of the superintendent in this case went beyond his power in ordering the school-house erected on another site, not owned by the township, and that portion of his decision is probably void; but that question is not involved in this case.

It is further contended that the appeal was not taken from the trustee within the proper time, but the date when the trustee made his decision is not shown by the finding of facts. No entry of it was made of record, and the voters of the district, and patrons of the school, were in no way notified of his having made it. He paid for the land October 1, and afterwards gave notice that he would let a contract for the building of a school-house. When these steps were taken, the appellees took immediate steps to preserve their rights. The trustee granted the appeal, and appeared and submitted

the question to the county superintendent for decision, and by such decision he was bound.

The judgment is affirmed, with costs.

Filed Sept. 16, 1891.