Robinson, J.
 

 This is a
 
 quo warranto
 
 proceeding and was begun in the Court of Appeals of Hocking county, Ohio. The parties will be referred to in the relative position in which they stood in the Court of Appeals, which is the reverse of the position in which they stand here.
 

 The plaintiff below, Joseph W. Coleman, in his petition described the Hocking county, Ohio, school district; alleged that on and prior to April 28, 1926, George W. Christmann was the duly appointed, qualified, and acting county superintendent of schools of Hocking county; that on or about April
 
 *3
 
 28, 1926, there were filed with the board of education of Hocking county written charges and specifications against said Christmann as such superintendent; that under the provisions of Section 7701, General Code, notice was served upon Christmann, a hearing had upon the charges, and on May 14, 1926, the county board of education found' the charges were true and dismissed and discharged Christmann as county superintendent of schools of Hocking county; that on May 28, 1926, the county board of education elected him (Coleman) superintendent of the county schools for the term commencing on May 28, 1926, and ending July 31, 1927; that thereupon he qualified as such superintendent and entered upon the performance of his duties; that ever since said date he has been lawfully entitled to exercise the powers, perform the duties, and receive the salary and emoluments of such office; that he has demanded the office, with the books, papers, and other property used in the transaction of the business of the office, but the respondent, Christmann, refuses to surrender the possession of such property and of such office, and unlawfully holds the same and pretends to exercise the authority to act as county superintendent of schools of Hocking county, Ohio. He prays that the respondent, Christmann, be ousted from, and that he be inducted into, such office.
 

 For answer, Christmann, after admitting the description of the county school district, admitting that on April 28, 1926, and prior thereto, he was the duly appointed, qualified, and acting county superintendent of the Hocking county schools, and admitting that on April 28, 1926, there were filed
 
 *4
 
 with the county board of education written charges and specifications against him, that a copy thereof was served upon him, that on May 4, 1926, the charges came on for hearing before such board, that such board pretended to find the charges and specifications true, that such board attempted to dismiss him as county superintendent, and that on May 28, 1926, such board attempted to appoint the relator, Coleman, as county superintendent, denied each and every allegation in the petition contained not specifically admitted to be true.
 

 For a second defense, the respondent challenged the authority of the county board of education to discharge him, under the provisions of Section 7701, General Code.
 

 For a third defense, he alleged that “no facts existed at said time or at any other time which supported said pretended charges, and that at the time of said pretended hearing by said county board of education no evidence was offered or adT duced which tended to prove or support the said pretended charges, or any of them.” He alleged that the charges and evidence adduced in support thereof related to matters and things of a former term of employment.
 

 For a fourth defense, “respondent says that said pretended charges and specifications were not heard or determined by said majority members of said county board of education in good faith. That said charges and specifications, and each and all of them, were wholly false and untrue and known to each and all said members to be false and untrue, and that the action of said county board of education in finding said pretended
 
 *5
 
 charges to be true and in attempting to dismiss and discharge respondent was had and taken arbitrarily, wholly without reference to the evidence adduced on the hearing of said pretended charges, and was so taken wholly for the purpose of carrying out the intent and purpose of said majority- of said county board to secure the dismissal of respondent,” that “said above-noted majority members of said county board of education had corruptly and fraudulently conspired and agreed with each other and with divers other persons, who were interested in securing the dismissal of respondent, to find said pretended charges and specifications true as against respondent and to dismiss and discharge him wholly without reference to whether or not there was any evidence adduced at said hearing supporting such pretended charges, or any of them, and the said pretended dismissal and discharge of respondent was caused wholly by reason of said corrupt and fraudulent agreement, and not on any consideration of the evidence whatsoever.”
 

 Respondent prayed “that the petition of relator herein may be dismissed; that respondent be adjudged to be entitled to have, use, and exercise his said office of county superintendent of schools of Hocking county, Ohio, and that the court make such other and further orders as may be proper in the premises.”
 

 A motion was filed by Coleman to strike from the third defense of the answer, as redundant and irrelevant, the following:
 

 “That no facts existed at said time or at any other time which supported said pretended charges, and that at the time of said pretended hearing by
 
 *6
 
 said county board of education no evidence was offered or adduced which tended to prove or support the said pretended charges, or any of them.”
 

 This motion was sustained.
 

 Separate demurrers were filed to the second and fourth grounds of defense, and were sustained.
 

 Three questions are raised by the motion and the two demurrers to the answer.
 

 The demurrer to the second defense raises the question of the applicability of Section 7701, General Code, to county boards of education and to county superintendents of schools. While neither county boards of education nor county superintendents of schools existed at the time of the enactment of that section, the section is in general terms and in the present tense, and we are of opinion that it includes, by the words “each board,” not only the boards of education then or theretofore provided for by statute, but also boards of education thereafter created; that by the words “appointee or teacher” it includes not only appointees to positions which had then or theretofore been created and teachers for whose employment provision had then or theretofore been made, but also appointees to and teachers for positions thereafter created; that the office of county superintendent of schools having been created and provision having been made for the filling of such office by appointment by the board, and the requirement having been made that such county superintendent should teach, such officer, for the purpose of the authority in that section conferred upon the board of education, falls within either designation of “appointee” or “teacher.”
 

 
 *7
 
 The question raised by the motion to the third ground of defense and the demurrer to the fourth ground of defense is whether in a
 
 quo warranto
 
 proceeding the finding of the charges and specifications filed with the board of education to be true is conclusive upon the courts hearing such cause.
 

 The general rule is that, where power has been conferred upon an administrative officer or board to remove another officer, a teacher, or appointee, for cause, and the procedure is provided for such removal, and the procedure has been followed, the finding of such administrative officer or board dismissing another officer, a teacher, or appointee, is final and conclusive and not reviewable by the courts, either in a direct proceeding to reverse or by collateral attack, except where such administrative officer or board has acted in bad faith, corruptly, fraudulently, or has grossly abused its discretion.
 

 In the
 
 quo warranto
 
 case of
 
 State, ex rel. Vogt,
 
 v.
 
 Donahey, Governor,
 
 108 Ohio St., 440, 140 N. E., 609, this court had under consideration the question of the finality of the order of the Governor of Ohio, removing a certain officer under the power conferred by Sections 4268 and 6212-34, General Code, and in that case reviewed the evidence to determine whether there was any evidence tending to support the finding, and, finding some evidence, denied the writ. In other words, found that the Governor did not act arbitrarily.
 

 In the mandamus case of
 
 State, ex rel. Watkins,
 
 v.
 
 Donahey, Governor,
 
 110 Ohio St., 494, 144 N. E., 125, this court again had the same proposition under consideration, and reviewed the evidence to
 
 *8
 
 determine whether there was any evidence to support the finding of the governor.
 

 The cases are not in conflict with the case of State,
 
 ex rel.,
 
 v.
 
 Hawkins,
 
 44 Ohio St., 98, 5 N. E., 228, where it was held that the power conferred upon the governor to remove a member of the board of police commissioners was administrative and not judicial, and that in a
 
 quo warranto
 
 proceeding the finding of the governor and the removal of the commissioner from office were final, and, whether the governor erred in exercising the power to remove or not, that his action could not be reviewed or held for naught by the court for the reason that in that case the questions were of the constitutionality of the statute, and whether the governor had erred in judgment, and there was no question of arbitrary action or abuse of power.
 

 In 2 Pomeroy’s Equity Jurisprudence, Section 919, it is stated:
 

 “When a judgment or decree of any court, whether inferior or superior, has been obtained by fraud, the fraud is regarded as perpetrated upon the court as well as upon the injured party. The judgment is a mere nullity, and it ¡may be attacked and defeated on account of the fraud, in any collateral proceeding brought upon it or to enforce it, at least in the same court in which it was rendered. When a judgment fraudulently recovered in one court is sued upon in another court, whether the fraud can there be set up to defeat its enforcement has been questioned. There can be no doubt, however, that under these circumstances, wherever the reformed procedure prevails, the fraud may be set
 
 *9
 
 up by way of equitable defense, especially if the affirmative relief of cancellation is sought.”
 

 In the case of
 
 Darst
 
 v.
 
 Phillips,
 
 41 Ohio St., 514, this court held:
 

 “The special proceeding provided by Section 5354, Revised Statutes, authorizing courts to vacate their own judgments rendered at a previous term, for fraud practiced by the successful party, is a cumulative remedy and does not exclude or limit the right of a party by original action to impeach a judgment or enjoin its collection for such fraud.”
 

 That was a case where a judgment obtained in the common pleas court of Williams county was collaterally attacked in the common pleas court of Lucas county, and the enforcement of the judgment obtained in Williams county was permanently enjoined by the courts of Lucas county.
 

 In the case of
 
 Coates
 
 v.
 
 Chillicothe Branch of the State Bank of Ohio,
 
 23 Ohio St., 415, this court held:
 

 “The power conferred upon courts by Section 534 of the Code, to vacate or modify their own judgments or orders, at a term after which they were rendered, for fraud practiced by the successful party, does not abridge the right to maintain an original action impeaching a judgment, or decree, for fraud.”
 

 In Ohio, therefore, equity will not only give relief in a collateral attack against judgments obtained by fraud in the same jurisdiction, but will give relief in a collateral attack against .such judgments obtained in other jurisdictions.
 

 It is elementary that where equity will give relief in a collateral attack for fraud in a proceeding
 
 *10
 
 originally instituted for such relief, it will afford the same relief where the fraud is set out by way of an equitable defense to an action seeking to realize upon a fraudulent judgment. If, then, a judgment of a court may be collaterally attacked for fraud practiced in the procuring of such judgment, it certainly must follow that a finding or an order of an administrative officer or board, obtained by fraud and corruption, or fraud or corruption, or made or issued beyond or in excess of the power conferred upon such administrative officer or board, may be collaterally attacked, either in a direct proceeding in equity to enjoin the enforcement of such finding or order, or in an equitable defense to an action based upon such order.
 

 In the case of
 
 Meffert
 
 v.
 
 State Board of Medical Registration and
 
 Examination, 66 Kan., 710, 72 P., 247, 1 L. R. A. (N. S.), 811, the court had under consideration the finding and order of an administrative board, the state board of medical registration and examination, revoking the license of one William M. Meffert to practice medicine and surgery, and held:
 

 “In the absence of fraud, corruption, or oppression, the findings of the board are conclusive upon this court.”
 

 In the case of
 
 Whitehead
 
 v.
 
 North Huntingdon School District,
 
 145 Pa., 418, 22 A., 991, the court held:
 

 “The minutes of the school board are the best evidence of their action in dismissing a teacher for one of the causes specified in paragraph V, Section 23, Act of May 8, 1854, P. L., 622, and in the
 
 *11
 
 absence of corruption, bad faith, or a clear abuse of power, they are conclusive.”
 

 In the case of
 
 McCrea
 
 v.
 
 Pine Township School District,
 
 145 Pa., 550, 22 A., 1040,, the court held:
 

 *"“1. Under paragraph V, Section 23, Act of May 8, 1854, P. L., 622, empowering boards of directors of the public schools to dismiss teachers for incompetency, cruelty, negligence, or immorality, a school board, in exercising the jurisdiction thus conferred upon it, acts in a
 
 quasi
 
 judicial capacity, and is held merely to the observance of good faith.
 

 “2.
 
 In an action by a teacher for salary, the dismissal of the plaintiff for incompetency, if regularly made and properly entered upon the minutes, in accordance with the requirements of Section 4, Act of April 11, 1862, P. L. 472, is conclusive, unless the board be shown to have acted corruptly, or in bad faith, or to have clearly abused its powers.”
 

 In the case of
 
 School District No. 18, of Kearny County, Kansas,
 
 v.
 
 Davies,
 
 69 Kan., 162, 76 P., 409, the court held:
 

 “Section 6184, G-eneral Statutes of 1901, provides for the employment of teachers and the manner of employing them in the district schools of the state. It also provides for the dismissal of teachers, the causes for which they may be dismissed, and the manner in which they may be dismissed; and where the district board, in conjunction with the county superintendent, dismisses a teacher, as provided by said section, such act of dismissal is final and conclusive, in the absence of fraud, corruption, or oppression.”
 

 In 35 Cyc., 1095, it is stated:
 

 
 *12
 
 “Where: a school board dismisses a teacher in accordance with the statutory provisions, such act of dismissal is generally conclusive, in the absence of fraud, corruption, or oppression, and is not subject to review by the courts.”
 

 Wherever the conclusiveness of a finding and order of an administrative officer or board is discussed, either by the court or by text-writers, and wherever it is declared to be conclusive, the exception to the rule of conclusiveness is also stated.
 

 The extent of the power of the county board of education to dismiss the county superintendent of schools is found in Section 7701, G-eneral Code, and there is found there no power to dismiss at the discretion of the board or arbitrarily.
 

 The motion to strike from the third ground of defense was, in effect, a motion to strike out an averment of facts, which, if proved, would establish an arbitrary dismissal by the board of the respondent, an exercise of power which the board of education did not possess. The Court of Appeals therefore committed error in sustaining such motion.
 

 The sustaining of the demurrer to the fourth ground of defense was erroneous because it deprived the respondent of his equitable defense, that the county board of education in dismissing him acted fraudulently, corruptly, and in pursuance of a collusive agreement to accomplish such purpose, a defense which, if proven, would constitute a complete justification for his retention of the office to which he had been appointed for a period which at the time had not expired.
 

 The judgment of the Court of Appeals is re
 
 *13
 
 versed and the canse will be remanded to . that court, with instructions to overrule the motion to strike from the third ground of defense and to overrule the demurrer to the fourth ground of defense, and for further proceedings according to law.
 

 Judgment reversed and cause remanded.
 

 Dat, Allen, Jones and Matthias, JJ., concur.