KEENER SCHOOL TOWNSHIP ET AL. *v.* EUDALY.

[No. 13,964. Filed March 31, 1931. Rehearing denied June 30, 1931. Transfer denied January 8, 1932.]

628

*Kelly & Ryan* and *Hanley & Hanley*, for appellants.
*Halleck & Halleck*, for appellee

CURTIS, J.—On January 8, 1927, Rufus A. Eudaly, appellee herein, was discharged as teacher and principal of the Keener Township schools, which were located at DeMotte, after a hearing before Frank M. Hart, then trustee of Keener Township, on a petition filed by certain patrons against appellee.

Appellee Eudaly, under §6790 Burns 1926, Acts 1865 p. 3, appealed from the order of dismissal of the township trustee to the county superintendent of schools of Jasper County. On January 25, 1927, a hearing before such superintendent of schools was completed, and Morgan L. Sterrett, county superintendent of schools, sustained the finding of Frank M. Hart, trustee, and confirmed the order of dismissal of appellee as teacher and principal of such school.

This action was brought by appellee against appellants to set aside the order of dismissal of appellee by appellant Hart, trustee of Keener Township, and ap-

pellant Sterrett, county superintendent of schools of Jasper County, Indiana, and to recover a money judgment for services as teacher against Keener Township which he tendered the township as a school principal under his written contract of employment. His claim was that the order of dismissal was fraudulent.

Trial was had before the court on the third paragraph of amended complaint, to which each appellant had filed a separate demurrer and which had been overruled. Appellant Sterrett filed three paragraphs of answer, appellant township filed two paragraphs of answer, and appellant Hart filed one paragraph of answer to the third paragraph of amended complaint. Appellee filed reply to each of the several answers of appellants. The court found for appellee, rendered judgment for $1,046.20 in appellee's favor and ruled that the order dismissing appellee be set aside.

Appellants appealed and separately assign as error the overruling of each appellant's separate demurrer to the third paragraph of amended complaint and the overruling of each appellant's separate motion for new trial. The motions for new trial cover 36 different specifications, but appellants argue in this court but 10 causes under their motions for new trial.

Appellee's original complaint was in three paragraphs, to which a motion was made and sustained to make certain parts more specific, whereupon appellee filed his amended complaint in three paragraphs. Previously, however, the court had ordered the third paragraph of amended complaint docketed as a separate cause of action. Each of the appellants had addressed a separate demurrer to the third paragraph of the amended complaint. This accounts for the fact that some of the specifications in the memoranda filed with the demurrers refer to other paragraphs of the amended complaint.

Appellants, in their Points and Authorities, however, discuss only the following pertaining to the alleged error of the court in overruling each of the separate demurrers of the appellants to the third paragraph of the amended complaint so docketed: (1) The appellant, Keener School Township, was not liable for the wrongful acts of its officers; (2) the presumption is that the trustee observed the law; (3) the facts alleged disclose that the procedure by which appellee was dismissed was regular in every way and the decision of the county superintendent after an appeal by the appellee was final; (4) the appellee, having accepted a license, is bound by all the provisions of law surrounding the same, and when the jurisdiction of the county superintendent is shown as disclosed by the complaint, the allegations with reference to his bias and want of judicial capacity are without force in law, for the county superintendent is answerable only to those who elect him.

Appellee's third paragraph of amended complaint, after alleging that Frank M. Hart now is and since January 1, 1927, has been the elected, qualified and acting township trustee of Keener Township, Jasper County, and that Morgan L. Sterrett now is and for more than five years last past has been the duly elected, qualified and acting superintendent of schools of Jasper County, alleges that, on May 4, 1926, he, appellee, was the holder of a life license to teach in the high schools of Indiana, and, on that day, entered into a written contract and agreement with appellant Keener School Township by the terms of which appellee agreed to teach in the public schools of Keener School Township for the school term of eight months beginning September 13, 1926, for which services appellee was to receive $1,800 and an additional compensation for attending teacher's institutes; that on September 13, 1926, appellee entered upon his duties as teacher and principal

in the public school of Keener Township, that, on January 1, 1927, a petition was filed with Frank M. Hart as trustee of Keener Township by some of the patrons of the Keener Township schools against appellee asking his dismissal for alleged incompetence; that, on January 8, 1927, a hearing was had before the trustee and appellee was dismissed as such teacher; that appellee took an appeal to Morgan L. Sterrett, county superintendent of schools of Jasper County, who, on January 25, 1927, after a hearing, sustained the finding of Hart as trustee, and confirmed the dismissal of appellee as a teacher in the De Motte High School, being Keener Township High School.

It is further alleged that appellee continued to teach in the Keener Township School in the village of De Motte, where he had theretofore been teaching, until January 8, 1927; that, on January 10, 1927, he presented himself at the schoolhouse and offered to teach in compliance with his contract, but at that time was wrongfully ordered from such school grounds by appellant Hart, who at that time informed appellee that, if he returned to the school grounds, he (appellee) would be arrested and prosecuted; that, after January 8, 1927, because of such dismissal, appellee rendered no further services as a teacher in that school; that appellee had performed all the conditions of the agreement on his part to be performed, except as he had been prevented and prohibited from so doing by defendants; that, after such dismissal, appellee made diligent and earnest effort to obtain employment elsewhere, but was unable to obtain other employment.

The third paragraph of amended complaint further alleges that, prior to the filing of the petition against appellee, no facts existed which supported the pretended charges; that no evidence was offered or given at the hearing before appellant Hart, trustee, or at the

hearing before appellant Sterrett, county superintendent, which would show or tend to show that appellee had been incompetent or had breached his contract in any way; that the charges against appellee were not heard or determined by appellant Hart or appellant Sterrett in good faith; that such charges were wholly false and untrue and were known to both Hart and Sterrett to be false and untrue, and that such finding and attempted dismissal by Hart and Sterrett were wholly arbitrary and were so done unlawfully and maliciously for the purpose of depriving appellee of his rights under the contract; that "said Hart and Sterrett advised and counseled with certain patrons of the Keener Township School and wrongfully and maliciously brought about the circulation of and filing of the petition for the discharge of the plaintiff" (appellee); that, before the hearing on January 8, 1927, Hart and Sterrett wrongfully and fraudulently conspired and agreed with each other and with divers other persons to find the pretended charges true as against appellee; that the pretended dismissal of appellee was brought about "wholly by the corrupt and fraudulent agreement and conspiracy of the said Hart and Sterrett and by reason of their personal and political malice and prejudice against this plaintiff (appellee), which malice this plaintiff says existed, and not by reason of any consideration of the evidence or as a result of honest and sound judgment and discretion based upon the evidence given at either of such hearings"; that, under the law, no appeal lies from the judgment dismissing appellee; that such judgment was rendered by reason of the fraudulent, illegal, oppressive and unwarranted acts of Hart and Sterrett.

It is further alleged that Keener School Township, since January 8, 1927, has refused to pay appellee the monthly installments of $225; that there remains due him $978.75, being the unpaid balance of his contract

salary of $1,800 and interest thereon of $90 and compensation for the institutes. The prayer of the third paragraph was that the judgment of dismissal be declared void and vacated, and appellee be given judgment against appellant Keener School Township for $1,800

Section 6790 Burns 1926, §4, Acts 1865 p. 3, provides: "Appeals shall be allowed from decisions of the (township) trustees relative to school matters to the county superintendents, . . . and their decisions of all local questions relating to the legality of school meetings, establishment of schools, and the location, building, repair or removal of school-houses, or transfers of persons for school purposes, and resignation *and dismissal of teachers, shall be final.*" (Our italics.)

The amended third paragraph of appellee's complaint upon which trial was had would be unavailing and insufficient and demurrable if the order of dismissal of the county superintendent is final and conclusive. This paragraph proceeds upon the theory that the order of dismissal was fraudulent, and that the hearing officer did not act in good faith in such dismissal, and that the dismissal is void on account of such conspiracy and corruption.

The question to be decided is whether a judgment of such county superintendent of schools is conclusive when such judgment is made final by statute, in a direct attack, as in the instant case, when attacked on the ground of fraud.

The Supreme Court, in the case of *Kegerreis, Trustee,* v. *State, ex rel.* (1924), 195 Ind. 589, 146 N. E. 390, in construing the statute in question as to some of its other provisions, said: "It follows that when the county superintendent, on appeal from the township trustee, had heard the matter and decided that the school petitioned for should be established, and nothing was done toward taking a further appeal within the time allowed for that

purpose, his decision was final and conclusive, *unless and until overthrown by a direct attack on the ground of fraud.*" (Our italics.)

*Custer* v. *School District* (1899), 12 Pa. Super. Ct. 102, is a case in which a teacher sued for salary because her appointment as teacher had been revoked by the board of school directors, who had power to dismiss such teacher for cruelty, negligence or immorality. The court said: "The action of the board, if it be properly entered upon the minutes in the form and manner required by the statute in the case of a dismissal, is conclusive, unless the board can be shown to have acted corruptly or in bad faith, or to have clearly abused their powers." See, also, *McCrea* v. *School District* (1891), 145 Pa. 550, 22 Atl. 1040; *Whitehead* v. *School District* (1891), 145 Pa. 418, 22 Atl. 991.

In the case of *Finch* v. *School District* (1924), 225 Mich. 674, 196 N. W. 532, appellant was discharged for immorality and sued for one month's salary. The court said: "Such finding and determination of the board are conclusive unless the board acted corruptly, in bad faith, or in clear abuse of its powers."

As was said in *Christmann* v. *Coleman* (1927), 117 Ohio St. 1, 157 N. E. 482, a case in which the facts were similar to the facts in the instant case, "The general rule is that, where power has been conferred upon an administrative officer or board to remove another officer, a teacher, or appointee, for cause, and the procedure is provided for such removal, and the procedure has been followed, the finding of such administrative officer or board dismissing another officer, a teacher, or appointee, is final and conclusive and not reviewable by the courts, either in a direct proceeding to reverse or by collateral attack, *except where such administrative officer or board has acted in bad faith, corruptly, fraudulently, or has grossly abused its discretion.*" (Our italics.) See, also,

*State, ex rel.,* v. *Superior Court* (1913), 72 Wash. 444, 130 Pac. 747.

In the instant case, it is alleged that the appellant officers acted in bad faith and fraudulently, and the specific acts in that regard are pleaded. This is sufficient to take the instant case out of the general rule that the decision of such officer is conclusive and not subject to review. The facts alleged are sufficient to overcome the presumption that the officers observed the law. We hold the court did not err in overruling each appellant's demurrer.

It is argued by appellants that Keener School Township is not liable for the wrongful acts of its officers, and that, therefore, no judgment should be had against it. In this contention we do not concur.

It will be noted that, so far as Keener School Township is concerned, this action is for appellee's wages alleged to be due appellee as teacher under a written contract with such township, and that it is alleged appellee was prevented from performing his contract by the order of dismissal by its trustee, which dismissal was confirmed by the county school superintendent. This action is clearly an action for breach of contract. This court has recently recognized the liability of a school township for damages sustained by a teacher who was dismissed by the township trustee where no good and valid ground existed. *Jefferson School Tp. of Miami County* v. *Graves* (1926), 84 Ind. App. 84, 150 N. E. 61. And this law is applicable in the instant case. The decision of the county superintendent is binding on the township trustee, and Keener School Township. *Knight, Trustee,* v. *Woods* (1891), 129 Ind. 101, 28 N. E. 306; *Kegerreis, Trustee,* v. *State, ex rel., supra.*

Appellants also contend that appellee, having accepted a license, is bound by all the provisions of law surrounding the same, and that the allegations with reference to

the bias and want of judicial capacity of the county superintendent are without force in law, for the county superintendent is answerable only to those who elect him. Section 6509 Burns 1926, provides, *inter alia:* "Nothing in this act, however, shall be construed so as to change or abridge the jurisdiction of any court in cases arising under the school laws of this state; and the right of any person to bring suit in any court, in any case arising under the school laws, shall not be abridged by the provisions of this act." This section has been construed in *Stone* v. *Fritts* (1907), 169 Ind. 361, 82 N. E. 792, 15 L. R. A. (N. S.) 1147, 14 Ann. Cas. 295, wherein it was, in effect, held that a school teacher accepting a license to teach under the school laws of this state is not estopped from applying to the courts for the enforcement of his rights thereunder.

Appellants next urge that the trial court erred in permitting appellee, on his direct examination, to testify (1) concerning an occurrence with reference to some of the girls leaving the school during school hours, and (2) pertaining to an incident of a broken leg sustained by one of the pupils. In each of the instances, the court permitted appellee to testify originally and directly as to what the occurrences were and what he did. In other words, it was original evidence at this hearing, and was not given before the county superintendent. In permitting this evidence to be given, the court said: "I will allow some degree of latitude on both sides. I will be pretty liberal in allowing the introduction of evidence. I am not going to keep anything out here on either side that may have a bearing on this, unless it is positively wrong or erroneous." The court, also, in commenting on other evidence sought to be introduced, said: "I don't know what it will show or tend to show. I have been proceeding in this matter on the theory that the

good faith of the officers was subject to attack and review in a matter of this kind; that is, where it was charged that they acted fraudulently and no causes existed for his removal and no real causes were shown in the hearing. In other words, the good faith of the officers is attacked. I have proceeded on the theory that it was subject to review and that opens up a good deal of latitude. In other words, in order to determine whether they had acted in good faith, I would have to get as much of this back of the conditions that existed there as existed to them—as existed to the officers, for the purpose of determining whether they were actuated by proper motives and in good faith. And I think, under the circumstances, most everything pertaining to this transaction may be gone into as bearing upon that issue. It is not my purpose to place my judgment in the place of officers who are clothed with power to act and who have acted within the scope of their authority and to review their acts and to say that under the circumstances I would have acted differently. I am only going into these questions far enough to enable me to say whether or not in my opinion they were acting in good faith in doing what they did do, and recognizing a condition or a state of affairs where different individuals who might be called upon to act and who might honestly entertain differences of opinion, and in that kind of case I would not be inclined or disposed to interfere with the officers who were discharging a duty. That is, in a case where such matters were submitted as a man of ordinary judgment and integrity might, in the exercise of good faith, have reached the decision that these men did, why, it is not my purpose to dispense with or set aside their decision and substitute my judgment for theirs, if a case is presented here where they could, in the exercise of good faith, have reached

the conclusion they did. So, with that understanding, we will proceed."

Appellants, in the oral argument before this court, virtually admitted the trial court's theory above set forth was probably correct, but they insist that the court did not adhere to the theory above set forth, for the reason that the above complained-of evidence was original and not given at the former hearing before the county superintendent. Even if we should conclude that the evidence above complained of was improperly admitted and incompetent (which we do not), yet we do not look upon it as prejudicial error, particularly in view of the fact that, where there is competent evidence in the record to sustain the finding of the trial court, the admission of incompetent evidence will not require a reversal. See *Bowers* v. *Headen* (1853), 4 Ind. 318; *Shira* v. *State, ex rel.* (1918), 187 Ind. 441, 119 N. E. 833; *Grasselli Chemical Co.* v. *Simon* (1925), 84 Ind. App. 327, 150 N. E. 617.

Appellants next complain of the action of the court in admitting in evidence a typewritten transcript of that portion of the evidence heard by the county superintendent at the hearing before him at one of the sessions held by him. The court reporter who took this evidence testified that it was all of the evidence heard at the afternoon session, but that it was not all the evidence heard by the county superintendent, as he, the court reporter, was unable to attend and take the evidence heard at the night session before the county superintendent. In admitting the above evidence, the court said: "Now there is an allegation here in their complaint that charges were preferred against him and a hearing had and that the charges were not sustained by evidence, there was no evidence introduced sustaining the charges; that the officer did, in fact, act arbitrarily

without evidence. I think those allegations in substance are made. I think I will permit the introduction of it and give you an exception. It appears here it is not all the evidence. Its value is impaired, impaired greatly, unless some evidence is introduced as to what further evidence was heard by the officers. But I think I will be warranted in admitting it in evidence as showing it was at least part of the evidence that was heard, and perhaps it is not in the form it could all be offered at one time. I understood you to say you would follow it up by some proof," etc. Mr. Halleck, appellee's attorney, replied: "We will follow it up by proof of what transpired at the evening session," whereupon the court said: "With that understanding, I will permit its introduction and give the defendants an exception." The court also permitted the appellee to prove by two witnesses who were present at the evening session before the county superintendent what the evidence was at that session. We do not believe the court erred in the admission of any of this complained-of evidence. See *Wolfe* v. *Scott* (1923), 275 Pa. 343, 119 Atl. 468; *Kansas & Texas Coal Co.* v. *Galloway* (1903), 71 Ark. 351, 74 S. W. 521, 100 Am. St. 79.

Appellants also offered to prove by the witness, George Parker, a conversation he had had with De-Koker, former trustee of Keener Township, with reference to re-employment of appellee. This conversation was not shown to have been had in the presence of the appellee, and, coming as it does from appellant, it falls either in the class of purely self-serving or hearsay evidence or both, and, in any such case, it was inadmissible and correctly excluded.

In the ninth ground of the motion for new trial, the appellants say the court erred in admitting testimony of Robert A. Mannon, clerk of the Jasper Circuit Court, who testified that he had a conversation with appellant

county superintendent Sterrett, which conversation he thought was before the county superintendent rendered his decision. The conversation was as follows: "Mr. Sterrett was telling me about the hearing and regarding that the matter had come up to him for decision and I said to him, 'Why don't you sidestep the whole matter and refer it to some other county superintendent for a hearing?' And he said he couldn't do that, for, if he did, we would be beat." Appellants have not discussed this last mentioned alleged error under their Points and Authorities, and, under the rules and decisions of this court, they have waived the same by such failure.

There was other evidence of like import also tending strongly to question the good faith and fairness of the county superintendent and township trustee who were the dismissing officers. The evidence was also in conflict as to whether or not the appellee held the grade of license required. The court, however, will not weigh conflicting evidence, and there is abundant evidence to sustain the finding of the trial court.

We find no reversible error.

Judgment affirmed.