SCHOOL CITY OF CRAWFORDSVILLE *v.* MONTGOMERY.

[No. 14,630. Filed September 29, 1933. Rehearing denied February 2, 1934. Transfer denied January 7, 1935.]

W. J. *Sprow*, for appellant.

*Kivett & Kivett, Foley & Foley*, and *Chase Harding*, for appellee.

DUDINE, J.—Appellee filed complaint against appellant for an alleged breach of a written contract between appellee and appellant, whereby appellee was employed to serve as superintendent of the city schools of Crawfordsville, Indiana, for a period of three years beginning August 1, 1928. A copy of said contract was made part of the complaint.

Clause five of the contract provided: "This contract may be terminated: (a) by the Board of Trustees at any time for good cause, if and when such Board acting in good faith and upon sufficient evidence shall find such good cause to exist."

In his complaint appellee alleged the execution of said contract, full and faithful performance of his duties under said contract until July 8, 1930, "when the defendant (appellant) in violation of said contract and without good cause—refused to permit plaintiff (appellee) to continue in said employment and discharged

him. . . ." He further alleged that he "has been at all times ready and willing and able to carry out his contract, . . . and has demanded that defendant (appellant) permit him to continue his said employment, and that defendant (appellant) pay him the salary accruing to him under said contract, all of which the defendant (appellant) has refused to do without just cause . . ."

Appellant filed a demurrer to the complaint setting forth the reasons: (1st) that the complaint does not state facts sufficient to constitute a cause of action; (2nd) the court has no jurisdiction of the subject matter of the action. The demurrer was overruled and appellant filed an answer in general denial.

Trial was had before the court, without a jury, and the court found for appellee, assessed damages, and rendered judgment accordingly. Motion for new trial was duly filed and was overruled.

Appellant appeals, assigning as errors relied upon for reversal: (1st) the court erred in overruling appellant's demurrer to appellees' complaint; (2nd) the court erred in overruling appellant's motion for new trial.

Under its first assignment of error appellant contends that the complaint, to withstand the demurrer, had to allege fraud or bad faith, on the part of the school board, in the termination of the contract.

This court, in the case of *Keener School Township* v. *Eudaly* (1931), 93 Ind. App. 627, 635, 175 N. E. 363, quoted with approval from *Christmann* v. *Coleman* (1927), 117 Ohio St. 1, 157 N. E. 482, as follows:

"The general rule is that, where power has been conferred upon an administrative officer or board to remove another officer, a teacher, or appointee, for cause, and the procedure is provided for such removal, and the procedure has been followed, the

finding of such administrative officer or board dismissing another officer, a teacher, or appointee, is final and conclusive and not reviewable by the courts, either in a direct proceeding to reverse or by collateral attack, except where such administrative officer or board has acted in bad faith, corruptly, fraudulently, or has grossly abused its discretion."

We recognize that as a general rule of law. See *Kegerreis, Trustee* v. *State ex rel.* (1925), 195 Ind. 589, 146 N. E. 390. It applies where the power to remove an appointee is agreed to by contract, with the appointee, as in the instant case, as well as where such power is conferred by statute, as in the case of *Christmann* v. *Coleman, supra.*

Appellant acquired its authority to employ appellee through Sec. 6600, Burns 1926, §28-1401, Burns 1933, §5973, Baldwin's 1934, which provides: "The school trustees of incorporated towns and cities shall have power to employ a superintendent for their schools. . . ." It does not provide a procedure to be followed as was provided in the statute construed in *Christmann* v. *Coleman, supra.* In the absence of such regulatory provisions we must hold that Sec. 6600, *supra,* authorized the school boards to use their discretion in the matter of the employment of school superintendents.

Since an action of a school board in removing a superintendent of schools, who was appointed by them, is final and conclusive, and is not reviewable by the courts either in a direct proceeding to reverse, or by collateral attack, except where such school board has acted in bad faith, corruptly, fraudulently, or has grossly abused its discretion, a complaint seeking to review such action, must allege bad faith, corruption, fraud, or gross abuse of discretion on the part of the board in removing the officer. The complaint

at bar seeks to review such action by a collateral attack, and it does not contain such allegations.

Appellee contends the language in the complaint which charged violation of the contract *"without good cause,"* sufficiently charged bad faith.

The "good cause" which the contract provided was ground for termination of the contract, was such cause as the board, when acting in good faith and upon sufficient evidence, shall find "good" or sufficient to call for termination of the contract. The contract authorized the *school board,* and *no one else* to determine when there was sufficient cause to terminate the contract.

> ". . . The requirement of 'good cause' as something on which the right to revoke by one or the other should depend, has been declared to be too vague to be fairly intelligible. In such a connection, it has no such distinct sense as to furnish a common and intelligible criterion for the parties, or any determinate sense whatever. It is impossible to say that the wills of the parties concurred and that each meant exactly what the other did, or even to say what either meant. The room for difference of opinion is immense, and the case is one where the parties have failed to express themselves in terms capable of being reduced to lawful certainty by judicial effort. The effect of prescribing such a ground of revocation is that as the passage in question is ineffective on account of its radical uncertainty, there is nothing to detract from the exercise of the right of revocation at any time for cause assigned in good faith." 6 R. C. L. p. 922, sec. 305.

The charge in the complaint that appellant violated the contract "without good cause" is in effect merely a denial that a good cause existed. It merely alleges that the cause, if any, for which appellant terminated the contract, was not sufficient cause for termination of the contract. The complaint in effect charges appellant with using bad judgment in terminating the contract—

but use of bad judgment does not amount to fraud or bad faith.

Appellee contends the contract "contemplated a hearing before the board upon charges preferred, so that appellee may know with what fault he is charged, and have an opportunity to meet it." We do not find anything in the contract which indicates such a contemplation. Sec. 6600, Burns, *supra,* does not require a hearing before a superintendent can be discharged by the board.

By this contract appellee agreed to serve as superintendent to the satisfaction of the school board. The trustees were public officers and as such were required *by law* to manage and conduct the schools. They *could* not delegate that duty to anyone else, and relieve themselves of it. The contract provided that appellee "shall have the business management of said schools *under the general* direction and control of the Board of Trustees. . . ." The contract contemplated the exercise of judgment by the board as to whether or not there was good cause for termination thereof. In such contracts the party whose judgment is involved is the sole judge as to whether or not the other party's services are satisfactory, and the justice or reasonableness of its decision cannot be questioned. See 13 C. J. 675; *Bishop* v. *Bloomington Canning Co.* (1923), 307 Ill. 179, 138 N. E. 597.

Failure to file charges and have a hearing, of itself, did not constitute fraud or bad faith. Appellant may have used bad judgment in terminating the contract, or may have been unreasonable, in so doing, but, if the board did terminate the contract in good faith, appellee is not entitled to damages. See *Harder* v. *Board of Comm.* (1884), 97 Ind. 455.

The complaint did not charge fraud or bad faith on the part of appellant, and therefore the demurrer to

the complaint should have been sustained by the lower court.

Appellant, under its second assigned error, contends that the evidence did not sustain the court's decision. We have read the evidence, and have found no evidence showing that the members of the school board of appellant acted in bad faith, fraudulently, or in gross abuse of its discretion in discharging appellee.

Judgment reversed with instructions that the lower court sustain said demurrer to the complaint and that further proceedings, if any, be not inconsistent with this opinion.

Bridwell, J., not participating.