By the Court.
 

 The report of the special master commissioner is confirmed. The relator has established his clear right to the office under the facts and the law.
 
 Christmann
 
 v.
 
 Coleman,
 
 117 Ohio St., 1, 157 N. E., 482.
 

 The brief of respondent poses several propositions but all need not languish in legal literature. They will not be reposed in
 
 haes verba
 
 or
 
 seriatim.
 

 Counsel for respondent contend that since the statutes pertaining to county superintendent did not provide for filling a vacancy and Section 4744, General Code, required an appointment to be made at a regular meeting held not later than July 20th for a term not longer than three years commencing on the first day of August,
 
 ergo,
 
 the relator has not shown he is entitled to the office as his appointment was unlawful and he was not appointed at a regular meeting.
 

 After conceding that an appointing authority has the right to fill a vacancy where there is no statutory provision therefor, counsel for respondent contend that, assuming relator was appointed validly, his term expired either when the new board took office, or- at the end of the school year, or upon July 31,1938.
 

 Where power is granted by statute to act for a period of time those lawfully in office may bind their successors.
 
 Edwards
 
 v.
 
 Matthews,
 
 100 Ohio St., 487, 127 N. E., 462; 32 Ohio Jurisprudence, 942, Section 81; 70 A. L. R., 794.
 

 The requirement of Section 4744, General Code (104 Ohio Laws, 142), that an appointment should be made not later than July 20th, applied when a superin
 
 *66
 
 tendent was to be reemployed or employed to succeed one whose term would expire on August 1st. That section stipulated a term not longer than three years commencing on the first of August, and that limitation will not be so interpreted as to restrict the appointment to the end of the current school year or the succeeding July 31st.
 

 Section 4733, General Code, makes certain requirements as to regular meetings of a county board of education and provides for calling other meetings, as well as for a quorum at regular or special meetings. Counsel for respondent maintain that under that section a recessed meeting is not a regular meeting at which a superintendent could have been appointed pursuant to Section 4744, General Code. As stated in 2 McQuillin on Municipal Corporations (2 Ed.), 583, Section 632: “In the absence of provision to the contrary, when a regular or stated or called corporate meeting is once duly organized at the time and place appointed it possesses the incidental power to adjourn to a future time.” It is also stated on page 585, Section 633, that “If a regular meeting is adjourned, any business which would have been proper for the body to consider at that meeting may be considered and acted upon at the adjourned meeting * * * . A meeting pursuant to adjournment of a regular meeting is a regular, not a special, meeting and is a continuation of the regular meeting, and any business permissible to be transacted at the regular meeting may, of course, take place at the adjourned meeting.”
 

 The so-called “recessed” sessions of the regular meetings were in fact “adjourned” meetings of the regular meetings, and therefore the relator was legally appointed superintendent of schools at the meeting of the county board of education on November 15, 1937.
 

 
 *67
 
 An order of ouster against the respondent and of induction in favor of the relator will he issued.
 

 Judgment of ouster.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.
 

 Myers, J., dissents.