Taft, J.,
 

 dissenting. Plaintiff brought an “independent action ’ ’ in equity in the Common Pleas Court to set aside the judgment and sale made pursuant thereto in each of two other cases in the same court.
 

 Each of these two other cases was a proceeding instituted by the county treasurer pursuant to Section 5718-3, General Code, to foreclose the lien of the state for delinquent taxes on land owned by plaintiff. In each case a judgment of foreclosure and an order of sale were made and, pursuant to such order, the land was sold by the county sheriff to the defendant Boyd. The record of each proceeding showed affirmatively that residence service of summons had been duly made on plaintiff. The court so found in each case. There is no claim that anything irregular appears in the record of either case. There is no claim that defendant Boyd had any notice of any defect in the service •of summons on plaintiff until some time after the sheriff’s deeds to the lands involved had been delivered to him and recorded by him.
 

 It is alleged in the petition that plaintiff did not re
 
 *158
 
 side at the place where copies of the summons were left and had no notice whatever of either case until some time after the judgments which are attacked* The Court of Common Pleas so found and granted the relief prayed for on the ground that the judgment in each of the two foreclosure cases was void.
 

 The first question to be considered is whether the judgment in either of the tax foreclosure actions and the proceedings pursuant thereto were void.
 

 In
 
 Moor
 
 v.
 
 Parsons,
 
 98 Ohio St., 233, 120 N. E., 305, the second paragraph of the syllabus reads:
 

 “Where, in an action to foreclosure a mortgage the record whereof shows the proceeding valid and regular in all respects, a defendant was served by publication in complete conformity with the provisions of the statute applicable thereto, and the court found said defendant duly and legally served and in default, and, after finding the amount due on the mortgage claim, ordered said premises sold, and they were sold to a purchaser in good faith, the title so obtained will not be affected by an application of said defendant under favor of Section 11632, General Code. In that proceeding he cannot as against such purchaser assert the claim that he was in fact a resident of the state and by the exercise of due diligence could have been served with summons.”
 

 Section 11292
 
 et seq.,
 
 General Code, authorized constructive service by publication on a defendant in the action there involved only if such defendant was not a resident of this state or his place of residence could not be ascertained. However, the Court of Appeals in that case found that, at the time constructive service by publication was had on defendant Parsons, he was a resident of the state and his place of residence could have been ascertained by the exercise of reasonable diligence. There was, therefore, no statutory au
 
 *159
 
 thority for the constructive service by publication which was the only service on defendant Parsons in that case.
 

 The refusal of this court to give defendant Parsons any relief from the judgment in
 
 Moor
 
 v.
 
 Parsons, supra,
 
 must have been based upon the conclusion that a judgment of a court of this state for foreclosure of a mortgage on land in this state was not void, even if the owner of such land was not served with any process, provided there were no irregularities in the record and it indicated affirmatively that there had been service on such owner.
 

 Such a conclusion is fully supported by numerous other decisions of this court. Por example, see
 
 Hammond
 
 v.
 
 Davenport,
 
 16 Ohio St., 177;
 
 Winemiller
 
 v.
 
 Laughlin,
 
 51 Ohio St., 421, 38 N. E., 111;
 
 Railroad Co.
 
 v.
 
 Village of Belle
 
 Centre, 48 Ohio St., 273, 27 N. E., 464.
 

 Section 5718-3, General Code, provides in part that foreclosure proceedings such as are involved in the instant case should ‘ ‘ be instituted and prosecuted in the same manner as is now or hereafter may be provided by law for the foreclosure of mortgages on land in-this state, excepting that if service by publication is necessary, such publication shall be made once a week for three consecutive weeks instead of as provided by Sections 11295 or 11298 of the General Code.”
 

 In order to avoid the effect of
 
 Moor
 
 v.
 
 Parsons
 
 and similar decisions of this court, plaintiff argues that they are distinguishable because there had been constructive service by publication in those cases. The answer to such argument is that constructive service was not authorized by the statutes providing therefor, because the defendants were residents and their places of residence could be ascertained.
 

 The constructive service by publication on a resi
 
 *160
 
 dent whose address was ascertainable was no more authorized or valid in
 
 Moor
 
 v.
 
 Parsons
 
 than the residence service on plaintiff which was made in the instant case by leaving a copy of the summons at a place where she used to live.
 

 Plaintiff then argues that Section 11633, General Code, is by its terms only applicable where a direct attack is made against a judgment pursuant to Sections 11631 and 11632, General Code; and that the attack in the instant case has been made in an “independent action” in equity.
 

 Section 11633, General Code, reads:
 

 “The title to property which is the subject of the judgment or order sought to be opened, and which, by or in consequence of the judgment or order has passed to a purchaser in good faith, shall not be affected by proceedings under the next two preceding sections; nor shall the title to property sold before judgment under an attachment be thereby affected.”
 

 This court, in reaching its decision in
 
 Moor
 
 v.
 
 Parsons,
 
 did rely upon the provisions of that statute.. However, such reliance merely emphasizes the conclusion which this court reached with regard to the-validity of the judgment attacked in that case. If this court had regarded that judgment as void, because of the fact that there had been no service of process on defendant Parsons, then it would not even-have found it .necessary to consider the effect of Section 11633, General Code; and the provisions of that section would not have barred the relief sought by Parsons in that case. Cf.
 
 Hayes
 
 v.
 
 Kentucky Joint Stock Land Bank of Lexington,
 
 125 Ohio St., 359, 365, 181 N. E., 542.
 

 If a party may, in an “independent action” in equity, seek to avoid the effect of a judgment at law which is not void, such party will be obviously assert
 
 *161
 
 ing an equitable remedy. However where, in consequence of such judgment, a bona fide purchaser has acquired a legal title, he holds that title free of all equitable rights or remedies which might have been asserted against it at the time of his purchase.
 
 Sternberger
 
 v.
 
 Ragland,
 
 57 Ohio St., 148, 48 N. E., 811;
 
 Morris
 
 v.
 
 Daniels,
 
 35 Ohio St., 406; 16 Ohio Jurisprudence, 150, Section 59.
 

 Thus, the provisions of Section 11633, General Code, merely set forth the same limitations on the right of a party to make a direct attack on a judgment, pursuant to Sections 11631 and 11632, General Code, which would have been recognized if a similar attack on such a judgment had been made in an equitable proceeding.
 

 That defendant Boyd was a bona fide purchaser is disclosed by the allegations of plaintiff’s petition. It is alleged that Boyd purchased each of the parcels of land involved for a valuable consideration at the judicial sale thereof. Those facts being established, the burden of proving that he had notice of any defect in the proceedings or did not act in good faith was then on plaintiff.
 
 Morris
 
 v.
 
 Daniels, supra.
 

 Plaintiff has not proved any facts tending to show either notice to or bad faith of defendant Boyd.
 

 Plaintiff has referred to a number of cases holding that, where there has been no service of process on a defendant, a judgment against such defendant is void. An examination of each of those cases will disclose that it involved an action where the judgment of the court sought to impose some personal obligation on the defendant. See
 
 Hayes
 
 v.
 
 Kentucky Joint Stock Land Bank, supra; Kingsborough
 
 v.
 
 Tousley,
 
 56 Ohio St., 450, 47 N. E., 541;
 
 Greene
 
 v.
 
 Woodland Ave. & W. S. St. Rd. Co.,
 
 62 Ohio St., 67, 56 N. E., 642.
 

 A court has no power to impose a personal obligation on a defendant unless it can reach such defend
 
 *162
 
 ant by its process. In the instant case, the real estate involved is within the territorial jurisdiction of the court. The judgments attacked were not ones imposing any personal obligation on a defendant. Each one of those judgments merely cut off a defendant’s right in or against land within the court’s jurisdiction. In such an instance, process upon such defendant is not necessary to give the court power to act. No one would seriously contend that power to render a judgment for damages against a defendant could be acquired by a court by constructive service by publication. However, a court may clearly be given power to cut off a defendant’s rights in or against land within its territorial jurisdiction, without anything but constructive service by publication. See
 
 Hammond
 
 v.
 
 Davenport, supra; Moor
 
 v.
 
 Parsons, supra.
 

 Other cases cited by plaintiff involve instances where relief was sought either against the party who secured a judgment by fraud or other inequitable conduct, or against someone who participated in such wrongful conduct; or against someone who did not claim legal title to property dealt with by the judgment; or against someone who could not establish he acquired such title as or through a purchaser without actual or constructive notice of a ground for equitable relief from such judgment. Such cases are:
 
 Hunt
 
 v.
 
 Yeatman,
 
 3 Ohio, 15;
 
 Long
 
 v.
 
 Mulford,
 
 17 Ohio St., 484, 93 Am. Dec., 638;
 
 Coates
 
 v.
 
 Chillicothe Branch State Bank,
 
 23 Ohio St., 415;
 
 Darst
 
 v.
 
 Phillips,
 
 41 Ohio St., 514;
 
 Haley
 
 v.
 
 Hanna,
 
 93 Ohio St., 49, 112 N. E., 149;
 
 Lewis
 
 v.
 
 Reed, 117
 
 Ohio St., 152, 157 N. E., 897;
 
 Christmann
 
 v.
 
 Coleman, 117
 
 Ohio St., 1, 157 N. E., 482;
 
 Lessee of Moore
 
 v.
 
 Starks,
 
 1 Ohio St., 369;
 
 Trimble
 
 v.
 
 Longworth,
 
 13 Ohio St., 431.
 

 Plaintiff refers to Section 5766, General Code. That section deals with sales for nonpayment of taxes with
 
 *163
 
 out foreclosure. Certain cases cited by plaintiff involve decisions with regard to such sales. See
 
 Younglove
 
 v.
 
 Hackman,
 
 43 Ohio St., 69, 1 N. E., 230;
 
 Heffern
 
 v.
 
 Hack,
 
 65 Ohio St., 164, 61 N. E., 703. The instant case involves foreclosure proceedings pursuant to other statutory provisions and a sale pursuant to the decrees rendered in such proceedings.
 

 Plaintiff refers also to Sections 11703, 5767 and 5762-1, General Code. Section 11703 applies only where “title of the purchaser is invalid by reason of a defect in the proceedings”; and Section 5767 applies only where recovery of land sold for nonpayment of taxes is had ‘ ‘ by reason of the invalidity of such sale. ’ ’ For reasons hereinbefore given, neither of those situations exist in the instant case. Section 5762-1 can be of no benefit to plaintiff in the instant case. It provides only for a limitation on the time for assertion of any right a party
 
 may
 
 have to question the validity of the title of a purchaser at a tax sale.
 

 Since the defendants other than Boyd all claim under or through him and since plaintiff is entitled to no relief against defendant Boyd, plaintiff is entitled to no relief against the other defendants. See
 
 Morris
 
 v.
 
 Daniels, supra,
 
 417.
 

 This court’s affirmance of the judgment of the Court of Appeals in the instant case, in effect, overrules
 
 Moor
 
 v.
 
 Parsons.
 
 From now on, real property, the title to which has been involved in a judicial sale, should be purchased only by speculators. Others should not want to buy a lawsuit. If they cannot rely upon the court’s record, they would not be wise to make any investment in such real estate. This wiil affect the sale price at every judicial sale. It is important that third party purchasers of real estate who act in good faith, and also the lawyers who examine abstracts of title for them, should be able to rely on
 
 *164
 
 and accept at face value the judgments of courts affecting such real estate. The overruling of
 
 Moor
 
 v.
 
 Parsons
 
 and the other similar cases referred to herein will, therefore, have very serious consequences.
 

 Matthias, J., concurs in the foregoing dissenting opinion.