EHLE, TRUSTEE v. STATE OF INDIANA, EX REL. WISSLER ET AL., TRUSTEES.

[No. 23,986.    Filed January 25, 1922.]

1. MANDAMUS.—*Parties.—Joinder of Consolidated School District as Relator in Mandamus.—Statutes.*—Acts 1917 p. 545, §6482h *et seq.* Burns' Supp. 1918, relating to the consolidation of public schools, does not make a consolidated school district a corporate body which may maintain or which may be joined as a necessary or proper party in mandamus proceedings.    p. 504.

2. SCHOOLS AND SCHOOL DISTRICTS.—*Subdivisions of School System.—Powers.—Constitutional Provisions.*—The system of common schools inaugurated by the general assembly pursuant of Art. 8, §1 of the Constitution is a state institution, and the subdivisions thereof are instrumentalities of government exercising only the authority given by the state.    p. 507.

3. CONSTITUTIONAL LAW.—*School Legislation.—Powers of General Assembly.*—The policy of school legislation is exclusively for the general assembly.    p. 508.

4. TAXATION.—*Uniformity.—Taxation by Consolidated School District.—Constitutional Provisions.—Statutes.*—Article 10, §1 of the Constitution, requiring a uniform and equal rate of assessment and taxation, is not violated by Acts 1915 p. 545, §6482h *et seq.* Burns' Supp. 1918, relating to the consolidation of public schools and providing for apportionment of taxes as between the consolidated corporations in proportion to the number of children of school age enumerated in each corporation, and empowering such corporations to erect or repair buildings at a cost to be apportioned according to the taxable property in each.    pp. 508, 510.

5. CONSTITUTIONAL LAW.—*Constitutionality of Statutes.—Construction.*—That construction of an act of the legislature will be adopted which will support the act rather than one which will destroy it.    p. 509.

6. CONSTITUTIONAL LAW.—*Constitutionality of Statutes.*—Courts will not strike down a statute as unconstitutional except it be clearly so.    p. 509.

7. SCHOOLS AND SCHOOL DISTRICTS.—*Consolidation of Schools.— Effect as to Existing School Corporations.—Statutes.*—Acts

1917 p. 145, §6482h *et seq.* Burns' Supp. 1918, relating to the consolidation of public schools, was not intended to disturb the then existing school corporations other than to grant them additional power in the organization of their schools supported by revenue apportioned to the individual corporations. p. 510.

8. STATUTES.—*Construction.*—*Legislative Intention.*—Legislative intention may be consulted by the courts for the purpose of determining the true purpose and effect of challenged legislation. p. 510.

From Wayne Circuit Court; *William A. Bond*, Judge.

Action by the State of Indiana, on the relation of Benjamin F. Wissler and Elbert Huddleston, as members of the board of trustees, and Huddleston as treasurer of the board, of the consolidated schools of the school town of Cambridge City and Jackson school township, against Amos E. Ehle, trustee. From a judgment for relators, the defendant appeals. *Affirmed.*

*Denver C. Harlan* and *Gardner, Jessup & Hoelscher*, for appellant.

*John C. Dodson* and *John L. Rupe*, for appellees.

MYERS, J.—This was an application by the relators, Benjamin F. Wissler and Elbert Huddleston as members of the board of trustees and Huddleston as treasurer of the board of the consolidated schools of the school town of Cambridge City and Jackson school township, for mandate to compel appellant as trustee of Jackson township to pay Huddleston as treasurer, certain specified school funds aggregating $3,121.10 theretofore received by appellant as such trustee from the treasurer of Wayne county, Indiana, and to require him to otherwise perform his duties as one of the trustees of such consolidated schools as commanded by an act of the general assembly. Acts 1917 p. 545, §6482h *et seq.* Burns' Supp. 1918. Appellant, upon the overruling of his demurrer to appellees' amended complaint, refused to plead fur-

ther and judgment was entered against him in accordance with the prayer of the complaint. The ruling on the demurrer is the only error assigned.

The title to the application in this case designates the "Consolidated School District of the school town of Cambridge City, Indiana and Jackson School Township of Wayne County, Indiana" as a relator, which would be proper if *consolidated schools,* under the 1917 act, is to be regarded as a separate entity comprising both school corporations as a separate and independent school district. Our conclusion on the merits of this case is to the effect that the authority "for the consolidation of schools"—see title of act—does not make such organization a corporate body, which may maintain or which may be joined as a necessary or proper party in mandamus proceedings.

The parties to this appeal have confined themselves to the single question, that is to say; does the 1917 act, authorizing the consolidation of schools create a taxing district or school corporation in which the method therein provided for taxation for the maintenance of such schools, violate our constitutional provision requiring a "uniform and equal rate of assessment and taxation?" §1, Art. 10, Constitution.

The 1917 act, *supra,* in substance provides: Section 1, that the school trustees of any incorporated town or city of the fifth class located wholly within any township, and the school trustee of such township may "consolidate the elementary schools or high schools, or both, of said corporations or to furnish consolidated school facilities for children of school age of both school corporations in the manner and upon the conditions hereinafter prescribed."

Sections 2 and 3 require joint action on the part of the school trustees of such city or incorporated town and the school trustee of the township, and prescribes

the method or manner in which the schools of their respective corporations may be consolidated.

Section 4 has reference to the preliminary control of consolidated schools.

Section 5 provides that such consolidated schools shall be under the control and management of a school board composed of three school trustees, two of whom shall be elected by the board of trustees of the town, or the common council of the city, as the case may be, and the persons so elected, together with the township trustee, shall constitute the school board of such consolidated schools. However, it is made the duty of the township trustee to perform the clerical work and bookkeeping for the board.

Section 6 provides that: "Said school board shall perform the duties and shall have all the powers vested in the school boards of towns and cities of the fifth class under the law of this state. The cost of maintaining such consolidated schools shall be apportioned between the city or town and the township in the territory outside such city or town in proportion to the number of children of school age enumerated in each corporation. Taxes to meet such cost shall be levied by said school trustees and collected in the city or town and the township in the same manner as other taxes are levied and collected."

Section 7 empowers such trustees when necessary, to build new buildings or make repairs on old ones, purchase building sites and apportion the cost thereof between the city or town and the township in the territory outside such city or town, in the ratio that the taxable property in such city or town and the territory outside such city or town bears to the whole amount of the taxable property of such city or town and township. Such trustees are also given "sole power to issue bonds of the separate corporations comprising said consoli-

dated school district to meet the cost of" the new buildings or the repair of old ones, and the further power to levy and collect taxes to meet the payment of any such bonds.

By §8 any school house constructed by such school trustees becomes the joint property of both corporations in proportion to the amount paid by each for the construction thereof, and it further provides that the school houses and school sites of either school corporation, or both, may be used for consolidated school purposes.

Section 9 has to do with the transportation of pupils to such consolidated schools and requires each school corporation to bear the expense of transporting its pupils, but where "by reason of conditions of roads or streams, or distance, it would not be advantageous for certain children of school age to be transported to any consolidated school established and maintained under this act, then said school board may maintain separate schools and provide school houses for such children so affected by conditions of roads, streams, or distance to consolidated schools."

Section 10 declares an emergency.

The question here involves the taxing provision of the act, *supra,* or rather the uniformity of distributing the cost for the maintenance of consolidated schools. If by the consolidation of schools under this act an independent school corporation thereby results, then the tax levy throughout the district thus included must conform to the rule requiring "a uniform and equal rate of assessment and taxation." But shall the act be so interpreted?

The provision, §7, relative "to the issue of bonds of the separate corporations comprising said consolidated school district" is the only one in which, and the only time the word "district" appears in the act. As a part of the phrase "consolidated school district" the word

"district" thus connected suggests the thought of a thus designated school corporation, but when, as here, it appears to have been used in another sense its force as indicating a corporate body is gone.

Directing our further consideration to the act as a whole, we know that at the time it was passed, and now, we had, and have school cities, school towns, and school townships, which are bodies corporate and each coextensive with its particular political subdivision of the state. These bodies differ somewhat in the machinery for their control and management, but each is maintained in part by taxes levied and collected on the property subject to taxation within its jurisdiction, namely, the civil city, incorporated civil town, or civil township. The manner of levying and collecting taxes for school purposes other than for the maintenance of consolidated schools has never been challenged in this state for lack of uniformity.

The general assembly of this state is under a constitutional imperative duty to provide by law for a general and uniform system of common schools. §1, 2. Art. 8, Constitution. The system of common schools thus inaugurated is a state institution, and the subdivisions thereof are instrumentalities of government exercising only the authority given by the state. *State, ex rel.* v. *Ogan* (1902), 159 Ind. 119, 63 N. E. 227; *School Town of Windfall* v. *Somerville* (1914), 181 Ind. 463, 104 N. E. 859 Ann. Cas. 1916D 661; *Freel* v. *School City, etc.* (1895), 142 Ind. 27, 41 N. E. 312, 37 L. R. A. 301n. And it has been held that the general assembly may empower the various subdivisions of the state to levy and collect taxes for the support of their public schools. *Shepardson* v. *Gillette, Aud.* (1892), 133 Ind. 125, 31 N. E. 788. Moreover that body, on the theory of encouraging education, has

authorized the creation of joint school districts and directed the manner of their management. Acts 1901 p. 53, §§6620, 6621 Burns 1914.

It will serve no good purpose for us to enter into a discussion of the history of school legislation in this state, of which the 1917 act, *supra*, is a part. It is sufficient to say that such act, in the wisdom of the general assembly, was an addition to our common schools system, or additional "suitable means" concerning intellectual improvement. At this point we may say, that the policy of such legislation is exclusively for the general assembly.

The act, *supra*, permits school corporations to consolidate their schools. That is to say, they may consolidate their primary schools only, or high schools only, or they may consolidate both. In either case provision is made for their control, management, and maintenance. The act does not expressly make such consolidated schools a separate and distinct corporation, but on the contrary recognizes the corporate bodies entering into such consolidation as an existing entity. Each being represented on the consolidated school board, each required to pay the cost of transporting its own pupils to the consolidated school, and each separately to control, manage and maintain its schools not consolidated. The act apportions the cost of maintaining consolidated schools "in proportion to the number of children of school age enumerated in each corporation." While such cost is determined and the tax levy to meet it is made by the consolidated school board, yet the burden of producing the required revenue thus apportioned falls uniformly upon the taxable property of each corporation entering into the authorized school plan. In other words, in theory and in practice, each school corporation, to the extent that it enters into such plan, is taxed only to meet the cost of educating its

own children of school age, and is not in opposition to the rule that taxes apportioned to a taxing district must be borne ratably by those constituting the public of that district.

It seems to us the question here of uniformity and equality of taxation has been mistakably confused with one of cost apportionment and a matter clearly included in the power to impose taxes, and is vested in the legislature. The act provides for the appointment of a school board for such consolidated schools and fixes its duties. This provision determines the method of control and government of such authorized schools and confers particular duties on the board, in the performance of which it acts as the agent of each school corporation. While there is some reason, and persuasive argument has been adduced, tending to support appellant's insistence, yet, where as here the decisive question is one depending upon the construction of a legislative act, that construction will be adopted which will support the act rather than one which will destroy it. Courts will not strike down a statute as unconstitutional except it be clearly prohibited by the constitution, for: "To doubt the constitutionality of a law, is to resolve in favor of its validity." *Henderson, Aud.,* v. *State, ex rel.* (1894), 137 Ind. 552, 36 N. E. 257, 24 L. R. A. 469; 6 R. C. L. 75, §73. The underlying reason supportive of the position thus taken by the courts, rests upon presumed correct action by a co-ordinate department of government. Hence to pronounce a legislative enactment unconstitutional means to judicially declare that the legislative department has disregarded the limitations imposed upon it by the people, and this the courts hesitate to do except in the clearest cases. *Robinson, Treas.,* v. *Schenck* (1885), 102 Ind. 307, 1 N. E. 698.

From the general tenor of the act before us we are

convinced that the general assembly did not intend thereby to disturb the then existing school corpo-

7, 8. rations other than to grant them additional power in the organization of their schools supported by revenue apportioned to the individual corporations. While courts are not to be misled, as to their duty, by legislative pretenses, yet, legislative intention may be consulted for the purpose of determining the true purpose and effect of challenged legislation.

Applying the principles to which we have but briefly referred to the questioned tax feature of the act before us, we conclude that the legislature in that par-

4. ticular did not transcend the limits of its authority; or in other words the tax feature of the act is not prohibited by the "uniform and equal rate of assessment and taxation" provision of our Constitution.

Judgment affirmed.