JEFFERSON SCHOOL TOWNSHIP OF MIAMI COUNTY *v.* GRAVES.

[No. 12,473.   Filed January 7, 1926.]

SCHOOLS AND SCHOOL DISTRICTS.—*School-teacher could recover compensation for full term of employment where she was wrongfully discharged because of not being licensed to teach certain subjects not covered by, her license.*—A school-teacher licensed to teach only certain subjects in the public schools who, after her employment to teach therein, was requested by the trustee employing her to teach other subjects not covered by her license, and in which she failed to make a passing grade on examination, was discharged, may recover her agreed compensation for the full term, as under such circumstances, the trustee was not authorized to discharge her.

From Howard Circuit Court; *John Marshall,* Judge.

Action by Beautrix Graves against Jefferson School Township of Miami County.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*  By the court in banc.

*York & Rees, Wolf & Barnes* and *C. W. Roll,* for appellant.

*Bell, Kirkpatrick, McClure &, Elliott,* for appellee.

ENLOE, P. J.—This was an action by the appellee, a school teacher, to recover an alleged balance of salary due her.   The action was begun in Miami county and by change of venue was taken to Howard county where a trial was had before the court upon an agreed statement of facts, and resulted in a finding and judgment in favor of appellee.   The error assigned is the overruling of appellant's motion for a new trial.

The agreed statement discloses the following facts, viz.: that on August 30, 1917, the appellee held a li-

cense, issued to her by Horace Ellis, State Superintendent of Public Instruction, which authorized her to teach, in the public schools of this state, the following subjects, viz.: Science of Education, Domestic Science, History and Civics, and Zoology; that on said date one A. C. Baldwin was the duly elected, qualified and acting trustee of Jefferson school township, Miami county, Indiana; that on said date said Baldwin and said appellee herein entered into a contract, in writing, whereby said Baldwin employed and appellee agreed "to teach in the public schools of said township, in such building, grade and room as said trustee may designate," for the school term commencing on September 10, 1917; that said Baldwin designated the Mexico high school, of said township, as the school in which appellee should teach, for and during the term of said school, and appellee entered upon her duties as such teacher, under her said contract, on September 10, 1917, and continued to act as such teacher until February 19, 1918, when she was, by said trustee, discharged.

It also appears by the record, that the appellee as such teacher, had been requested by said trustee to teach the subjects of English and German in said school, which subjects were not covered by her license and which subjects she was not qualified by law to teach; that appellee took an examination in said subjects, which she had been so requested to teach, but failed to make a passing grade therein, and was thereupon by said trustee, discharged as a teacher in said school. This action was brought to recover pay, as such teacher under her said contract, for the unexpired portion of the term for which she was hired.

There is no contention in this case that the contract, as made by said trustee and the appellee herein was, when made, invalid. She was duly licensed to teach certain subjects; this, the trustee well knew, and we

cannot impute to him any ulterior purpose or intention to evade the law in any way; we must presume that he intended to keep entirely within the law, that he intended, when he entered into the contract with appellee that she would teach the subjects, and only those subjects covered by her license. If the contract was in all respects valid when made, by what act of the appellee was it rendered invalid? The record fails to disclose any such act on her part. If it should be declared to be the law that a trustee, after entering into such a contract with a teacher, could demand of such teacher that they teach some particular subject, not covered by the license of such teacher, and that a failure of such teacher to procure a license covering the subject so demanded of them to be taught, constitutes a breach of their contract, then is the way open to any trustee to render of no effect any contract he may have made with any teacher. The trustee may have acted unwisely in making the contract in question, but that, under the facts of this case, did not authorize him to discharge the appellee.

The appellant also claims that there was error in the assessment of the amount of the recovery, but what we have said disposes of this contention also.

The judgment is affirmed.