RATCLIFF *v*. DICK JOHNSON SCHOOL TOWNSHIP.

[No. 25,892.   Filed April 5, 1933.]

*Rawley, Baumunk & Fisher,* for appellant.
*Robert B. Stewart,* for appellee.

ROLL, J.—This was an action by appellant against appellee to recover damages for the breach of a teacher's contract based on what is known as the Teachers' Tenure Law, Ch. 97, Acts 1927, p. 259, Sec. 6967.1 et seq., Burns Supp. 1929.

Appellant's amended complaint was in one paragraph, to which appellee filed a demurrer. The trial court sustained the demurrer, and appellant refused to plead further, whereupon judgment that appellant take nothing by her complaint was entered against her, and she appealed. The only error assigned is the sustaining of appellee's demurrer to appellant's first amended complaint.

The complaint alleges in substance that she is now and has been for more than twenty years last past a resident of Clay County and duly licensed to teach school in said county, and that she had served as teacher under annual contracts with the trustee of Dick Johnson School Township, Clay County, Indiana, for more than fourteen successive years immediately prior to July, 1927; and was so employed as a teacher in said school township to serve as principal in District No. 7 in said school township for the school term commencing in September, 1927, and ending in the spring of 1928. The contract so entered into is set out in full in appellant's

complaint, and as no question is presented which involves said contract except the date and signature the contract will not be set out in full in this opinion. The contract is dated and signed as follows:

"This contract is executed in duplicate this 2 day of May, 1927, and each party has a copy thereof.

Lee Ringo, Township Trustee.
Emma Ratcliff, Teacher."

The complaint then charges that the date as written on said contract is incorrect; that said contract was in fact signed by the parties on the 12th day of July, 1927. That pursuant to the terms of said written contract, which contract was intended to be, and was in fact and was so understood by the parties, to be between the plaintiff (appellant), Emma Ratcliff, and Dick Johnson School Township, of Clay County, Indiana; that she taught said term of school in said School District No. 7 and was paid by the trustee of said school township the sum of $1,024.00 from the school fund of said school township for teaching said school term, and after the close of said term of school and before all the schools in said township had been assigned to other teachers she informed said trustee that she desired to teach school in said township the coming school term, beginning in September, 1928, and ending in the spring of 1929, and that she requested said trustee to indicate where she should teach in said school township and to assign to her a school in said school township; that said trustee notified her that while her work as a teacher in said township had been and was highly satisfactory to himself and to the school patrons of said school district, and while he recognized the fact that she was well qualified as a teacher, that he would not assign to her a school to teach in said school township for the reason that he did not desire that she become

a permanent teacher and have an indefinite contract with said school corporation and have the benefits of the Teachers' Tenure Law enacted by the Legislature of 1927. That she has had no notice of any kind informing her of the date, etc., of the cancellation of her contract to teach in said school township, and no opportunity to be heard on the cancellation of her said contract.

That she has at all times been able, ready and willing to teach in said school township in any school which said trustee would indicate and so informed said trustee. That said trustee informed her and the public generally that she would not be permitted to teach in said school township.

That if she had been permitted to teach in said school township for the school term of 1928 and 1929 she would have earned $1,024, and an additional sum of $51.20 for attending teachers' institute.

That she has performed and complied with all the conditions on her part to be performed by the terms of said contract, except the teaching of a school in said township, which she was able, ready and willing to do had she been permitted to do so by said trustee. That by the reason of the premises she has been damaged in the sum of $1,075.00, for which amount she asked judgment.

Appellee demurred on three grounds: (1) The court had no jurisdiction of the person of the defendant; (2) the court had no jurisdiction of the subject-matter of said action; and (3) that said complaint does not state facts sufficient to constitute a cause of action.

In the memorandum to the demurrer appellee points out ten reasons wherein the complaint is deficient, with a great number of sub-divisions, many of which he has waived by not supporting them in his brief under points and authorities, or else has

failed to make any application of his proposition to the questions here involved. We will discuss only those points properly presented by his brief.

Appellee's first proposition presented by his demurrer is that appellant's action is based on Sections 6967.1 to 6967.6 Burns Supp. 1929; Sections 1 to 6, Acts 1927, p. 259, and that said statute is unconstitutional in that it violates §23, Art. 1, of our State Constitution, which provides that: "The General Assembly shall not grant to any citizen or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

Since this case was fully briefed this point was decided in the case of *School City of Elwood* v. *State, ex rel. Griffin* (1932), 203 Ind. 626, 180 N. E. 471, in which case the constitutionality of said statute was challenged as violative of §23, Art. 1, Indiana Constitution, §75 Burns Ann. St. 1926. In that case it was held that said statute did not contravene this provision of the State Constitution, and upon authority of that case we hold that said statute is constitutional as far as §23, Art. 1, of our Constitution is concerned.

Appellant also challenges said statute on the ground that it violates §1, Art. 1, of the Indiana Constitution and the 14th amendment to our Federal Constitution in that it interferes with the freedom of contract, which guaranty carries with it the right of termination of any given contract. Again we cannot agree with appellant's contention. Section 2 of said act (Sec. 6967.2 Burns Ann. St., Supp. 1929), provides in part as follows:

"Any indefinite contract with a permanent teacher as defined in Section 1 of this act may be cancelled only in the following manner: Not less than thirty days nor more than forty days before the consideration by any school corporation of the can-

cellation of any such contract, such teacher shall be notified in writing of the exact date, time when and place where such consideration is to take place; and such teacher shall be furnished a written statement of the reasons for such consideration, within five days after any written request for such statement; and such teacher shall, upon written request for a hearing, filed within fifteen days after the receipt by said teacher of notice of date, time and place of such consideration, be given such a hearing before the school board, in the case of cities and towns, and before the township trustee, in the case of townships; such hearing shall be held not less than five days after such request is filed and such teacher shall be given not less than five days' notice of the time and place of such hearing. Such teacher, at the hearing, shall have a right to a full statement of the reasons for the proposed cancellation of such contract, and shall have a right to be heard, to present the testimony of witnesses and other evidence bearing upon the reasons for the proposed cancellation of such contract. No such contract shall be cancelled until the date set for consideration of the cancellation of such contract; nor until after a hearing is held, if such hearing is requested by said teacher; nor until, in the case of teachers, supervisors, and principals, the city or town superintendents, in cities and towns, and the county superintendents, in townships and in cities and towns not having superintendents, shall have given the school corporation his recommendations thereon, and it shall be the duty of such superintendent to present such recommendations upon five days' written notice to him by such school corporation. Nothing contained in this section shall prevent the suspension from duty of any teacher pending a decision on the cancellation of such teacher's contract. Cancellation of an indefinite contract of a permanent teacher may be made for incompetency, insubordination (which shall be deemed to mean a willful refusal to obey the school laws of this state or reasonable rules prescribed for the government of the public schools of such corporation), neglect of duty, immorality, justifiable decrease in the number of teaching positions or other good and just cause, but may not be made for political or personal reasons."

It is true that the above statute places restrictions upon the powers of the school corporation to cancel a permanent teacher's contract, but such limitations upon the plenary powers of the agents of the state to end the contract does not within itself violate the constitutional provisions as to freedom of contract. The first section of the above statute provides for the employment, which imports the power to end the employment. But Section 2, *supra*, modifies and limits this power by imposing a duty with respect to its exercise. We can see no reasons why such limitations are not valid. The General Assembly of this state, under Section 1, Art. 8, of our Constitution, is under an imperative duty to provide by law a general and uniform system of common schools, and such system thus established is a state institution, and the sub-divisions thereof are instrumentalities of government exercising only the authority given by the state. *Ehle, Trustee,* v. *State, ex rel.* (1922), 191 Ind. 502, 133 N. E. 748; *State, ex rel.,* v. *Ogan* (1902), 159 Ind. 119, 63 N. E. 227. In the case of *State, ex rel. Clark* v. *Haworth* (1889), 122 Ind. 462, 465, 23 N. E. 946, this court said:

"But the courts which have carried to its utmost extent the doctrine of local self-government have never so much as intimated, that it exists as to a matter over which the Constitution has given the law-making power supreme control, nor have they gone beyond the line which separates matters of purely local concern from those of State control. Essentially and intrinsically the schools in which are educated and trained the children who are to become the rulers of the commonwealth are matters of State, and not of local jurisdiction. In such matters, the State is a unit, and the Legislature the source of power. The authority over schools and school affairs is not necessarily a distributive one to be exercised by a local instrumentality; but, on the contrary, it is a central power residing in the Legislature of the State. It is for the law-making power to determine whether the authority shall be

exercised by a State board of education or distributed to county, township, or city organizations throughout the state. With that determination the judiciary can no more rightfully interfere, than can the Legislature with a decree or judgment pronounced by a judicial tribunal. The decision is as conclusive and inviolable in the one case as in the other, and an interference with the legislative judgment would be a breach of the Constitution which no principle would justify, nor any precedent excuse."

If the General Assembly sees fit to impose restrictions upon its otherwise plenary powers to cancel a contract entered into by and between itself and a teacher, we think the exercise of such power is not prohibited by the above sections of our State and Federal Constitutions. *Grigsby* v. *King* (1927), 202 Cal. 299, 260 Pac. 789; *State, ex rel. Clark* v. *Haworth* (1889), 122 Ind. 462, 23 N. E. 946.

Appellee contends that the lower court did not have jurisdiction over the person of appellee or the subject-matter for the reason said contract sued upon is by and between appellant and the trustee of Dick Johnson Civil Township. The contract herein begins with this language: "This contract between Dick Johnson Township, Clay County, Indiana, hereinafter called Employer, and Emma Ratcliff," etc., and is signed by Lee Ringo, township trustee, and Emma Ratcliff, teacher. Appellee takes the position that as the contract upon its face shows it to be a contract with the civil township, and not the school township, it is necessary to ask for a reformation of said contract to conform to the facts, and that appellant did not ask for such a reformation, and for that reason the complaint is insufficient. The body of the instrument itself shows that it was a contract between the school township and a teacher to teach in the public school of said township, and that it was such a contract that the school

township had a right to make, and that the civil township did not have any authority whatever to make. The complaint, while not in specific words, requests a reformation of the contract, as she might have done, still she states facts in her complaint which would entitle her to such relief. In the case of *Sheffield School Township* v. *Andress* (1877), 56 Ind. 157, the appellant employed appellee's assignor to build a school house, and in part payment therefor issued certain promissory notes to him. In the notes this language was used: "One year after date, Sheffield Township promises to pay to the order of Joshue Baker," etc., and they were signed "A. W. Gregory, trustee for Sheffield Township." But the note also disclosed that: "This order is given for work done on school building, to be paid out of the special school fund." The court referred to the case of *Jackson Township* v. *Barnes* (1876), 55 Ind. 136, which was a suit against the civil township, on an instrument similar to the note in the Sheffield School Township case, *supra,* and, where the contents of the paper showed that it was for a debt of the school township, quotes the following excerpt from that case:

"If the action had been brought against the latter corporation" (that is, the school township) "we might possibly have held that the contract sued on, although apparently executed in the name of the civil township, was in fact, the contract of the school township, for the reason that the contract, upon its face, was a promise to pay for certain property which the school corporation only had the right to purchase."

Then the court said:

"What we then thought we might hold, we have now concluded we can, and, accordingly, do hold, that the suit by the school township can be sustained on the note such as in this case." *Sparta School Township* v. *Mendell* (1894), 138 Ind. 188, 37 N. E. 604.

The contract in question was in fact a contract between appellant and Dick Johnson School Township. It shows on its face that it is such a contract that the school corporation had a right to make, and one that the civil township had no authority to enter into. It is clear the parties fully understood that it was the school corporation and not the civil township that was bound by the contract. It also appears from the complaint that it was acted upon and that appellant actually taught school in Dick Johnson School Township under and by virtue of this contract, and the township trustee paid appellant for her services out of the funds belonging to the school township. We can see no merit in appellee's contention, and we think there is no sound reason, why, under the facts of this case, the contract should not be given its true interpretation and enforced according to the real intention of the parties.

The contract herein sued upon was dated May 2, 1927, and appellee insists that the contract itself is the best evidence as to when the contract was made, and that parol evidence is not admissible to contradict a written contract, and as the contract bears date prior to the taking effect of the teachers' tenure statute, therefore appellant never became a tenure teacher under the laws of Indiana, and for that reason the complaint is insufficient. The complaint admits the contract bears date of May 2, 1927, but says that the contract was not executed on May 2, 1927, but was in truth and in fact executed on July 12, 1927. "The presumption that an instrument was made on the day of its date is not conclusive, and may be overcome by parol evidence that it was in fact made on another day." American & Eng. Enc. of Law, Vol. 8, pp. 732-733, Bishop on Contracts, pp. 66-67.

Appellant further urges that the complaint is insufficient for the reason that the statute is void as against

public policy. The state is the source of power under our Constitution in public school matters, to be exercised by the legislative body, and when they, in the exercise of such power, see fit to limit powers which the state has, which power is plenary in the absence of statutory restrictions, we cannot say such limitations within themselves renders the statute void as against public policy. *State, ex rel. Clark* v. *Haworth, supra.*

We are of the opinion appellant's complaint . stated a cause of action, and that the lower court erred in sustaining the demurrer thereto.

Judgment reversed with instructions to the lower court to overrule appellee's demurrer and for further proceeding not inconsistent with this opinion.