BUTLER *v.* COLLINS ET AL.

[No. 26,222. Filed January 15, 1936. Rehearing denied April 8, 1936.]

*Otto Gresham,* for appellant.

*Frank A. Symmes, Johnson & Zechiel, A. J. Rucker, David M. Lewis, E. S. Knight, James E. Deery* and *Joseph E. Collier,* for appellees.

HUGHES, J.—The appellant filed his complaint in the court below on the theory of false imprisonment. He filed a second amended complaint which is very lengthy, covering thirty-eight pages of appellant's brief.

The record in this case presents many defects and the brief of appellant utterly fails to comply with the rules of this court and consequently no question is presented for our review.

It is shown by the record that on May 17, 1929, the plaintiff (appellant) filed an affidavit for a change of venue from the regular judge of the Marion Circuit

Court and that on July 1, 1930, James M. Milner was selected and qualified as special judge. The record was in error in showing the appointment of James M. Milner instead of Joseph M. Milner, and this Court permitted the plaintiff (appellant) to have the record show that Joseph M. Milner was the one selected and qualified as special judge on July 1, 1930.

The record shows that the judgment appealed from was rendered by Harry O. Chamberlin, regular judge of the Marion Circuit Court, and from whom a change of venue had been taken, and the prayer for the appeal to the Supreme Court was granted by Harry O. Chamberlin, who was not then the judge in said cause and the bond was not presented to the special judge in said cause, Joseph M. Milner, for approval and was not approved by him, but was presented to and approved by Harry O. Chamberlin, who was not the judge in said cause. There is, therefore, no valid appeal bond and there is no contention that there is a vacation appeal.

> "When the regular judge yields the bench, calls in a special judge, and duly appoints him to try a designated cause, the special judge thus appointed acquires full authority over the cause throughout all its stages, and the authority of the regular judge is necessarily excluded." *Perkins* v. *Haywood* (1890), 124 Ind. 445, 447, 24 N. E. 1033.

The appellant has completely failed to comply with rule No. 21 of this court in the preparation of his brief. There is no attempt to subdivide itself into the various subdivisions required by the rule. It is not shown in the brief that any exceptions were taken to any ruling of the court of which he now complains.

The brief does not contain under the heading "Propositions and Authorities" a copy of each assigned error relied on, nor are they separately considered by sepa-

rately numbered propositions concisely stated without argument. In fact, there is no apparent attempt on the part of appellant to consider the errors assigned. Under the heading "Brief" the appellant sets out nine specifications of abstract propositions of law without reference to any assignment of error.

The argument, as contained in the brief, in behalf of the appellant is very interesting and learned as to the propositions discussed, but does not relate in any way to the errors which appellant has assigned.

In view of the record and the brief of the appellant no question is presented for review.

Judgment affirmed.