SCHOOL CORPORATION OF PERRY TOWNSHIP ET AL. *v.*
STATE EX REL. SWEENEY.

[No. 26,500. Filed January 15, 1937.]

*W. D. Hardy,* for appellants.

*Edgar Durre,* for appellee.

HUGHES, J.—This was an action by the appellee against the appellant asking that she be recognized as a permanent tenure teacher by the appellant and that appellant be mandated to enter into a contract with appellee so that she could teach school in said appellant township for the school year of 1933. It is alleged in the complaint of appellee that she was a permanent tenure teacher of Perry Township, Vanderburgh County, Indiana, in the year 1932, and was entitled to teach in said township during the school year of 1933; that at the expiration of her services as teacher in said township under her contract of 1932, and before the beginning of the school year of 1933 of said township, she requested William Brown, Trustee of said town-

ship, to renew her contract to teach in said township in and during the school year beginning September 18, 1933. A finding and judgment was rendered in this case on April 16, 1934, to the effect that on September 18, 1933, the relatrix was a permanent tenure teacher of said township and the school corporation and its trustee were mandated to restore her to all her rights and privileges as a teacher in said township.

The complaint herein was filed in the Vanderburgh Probate Court at the September Term of Court, 1933, and on or after September 25, 1933. The complaint sets out in detail the reasons why the relatrix became a permanent teacher. A demurrer to the complaint was overruled by the court.

The appellants in their brief have raised many questions in this case, but has not considered the effect of the Act of 1933, ch. 116, p. 716, §28-4307 Burns' Ann. St. 1933, §6003 Baldwin's Ind. St. 1934, which amended the Act of 1927, ch. 97, p. 259. The Act of 1933 applies to city and town school corporations only. Townships, to which the original Act applied, were omitted in the Act of 1933, which had the effect of repealing the law so far as township school tenure teachers are concerned.

In the instant case, the appellee, Harriet Sweeney, contends that she was a tenure teacher of Perry School Township of Vanderburgh County, Indiana. Conceding, but not deciding, that she was such a teacher she could not recover in this action. In the case of *State of Indiana ex rel. Dorothy Anderson* v. *Harry Brand, Trustee of Chester School Township of Wabash County, Indiana* (1937), 5 N. E. (2d) 531, 533, it was held that:

"The repeal of the statute, in so far as it affects townships and township schools, removes the restriction upon the power of the school corporation so far as it affects the preferential or so-called tenure rights of teachers, and leaves the township offi-

cers free to renew teachers' contracts or not, as may be deemed expedient."

In other words it was held that one who was a tenure teacher in a township prior to the Act of 1933, which took effect May 22, 1933, is no longer a tenure teacher of the township and the trustee is not compelled to re-employ him or her because of the fact that he or she had been a tenure teacher of the township prior to the Act of 1933.

Under the holding in said case, the judgment in the instant case must be reversed and it is therefore not necessary to consider other questions presented by the appellant. The appellee failed to file any brief in the case.

Judgment reversed.

Treanor, J., dissents.