HARRIS ET AL. *v.* STATE EX REL. ALLEN.

[No. 26,814. Filed June 1, 1937. Rehearing denied September 20, 1937.]

*Alvin Padgett, Arthur Rogers,* and *Edgar T. Laughlin,* for appellants.

*Allen, Hastings & Allen,* for appellee.

HUGHES, J.—This is an action by the appellee against the appellants, as trustees of the school board of the consolidated schools of the School Town of Odon, Indiana, and Madison School Township of Daviess County, Indiana, to mandate the appellants to recognize and respect the rights of the relator, Ray Allen, as a permanent teacher in said consolidated school.

It is alleged in the complaint of appellee that:

"The public schools of said School Town of Odon, Indiana, and Madison School Township of Daviess County, Indiana, are, and have been for the eight years last past, consolidated under the laws of the State of Indiana, and are, and have been during said time, under the control and management of a school board composed of three school trustees with power and authority to employ and contract with teachers to teach in said consolidated schools of said school town and school township. That the defendants are the duly elected and acting school trustees of the school board of said consolidated schools. That said school board of said consolidated schools, by its duly elected and acting school trustees, by written contracts properly executed, employed the relator to

teach in its said consolidated school during each of the following school years, to wit: 1929-1930, 1930-1931, 1931-1932, 1932-1933, 1933-1934. That thereafter, to wit, on the third day of September, 1934, said school board by its duly elected and acting school trustees, by written contract properly executed, employed relator to teach in its consolidated schools during the school year of 1934-1935.

"That, because of the facts herein averred, relator became, was and is, a permanent teacher of said School Town of Odon, as provided by the laws of the State of Indiana.

"That the defendants, as such school trustees, have ignored relator's rights as a permanent teacher, as aforesaid, and have employed other persons to take his position as a teacher in said schools for the school year 1935-1936, and have refused to permit him to teach in said schools for the school year 1935-1936, and will continue in said conduct unless they be enjoined and restrained from so doing by this Court, which will work, and is working, an irreparable injury to the relator, for which he has no adequate remedy at law."

The appellee asked in his complaint that the defendants, appellants herein, be enjoined from ignoring his rights as a permanent teacher of said School Town of Odon, and from employing or assigning any other person to take his place in said consolidated schools for the school year 1936-1937, and that said trustees be mandated and compelled to recognize and respect his rights as a permanent teacher of said schools.

The appellants filed a demurrer to the complaint which was overruled, a general denial was filed to the complaint and a trial was had and a finding and judgment for appellee enjoining the trustees from interfering with the appellee's rights as a permanent teacher in said consolidated schools and mandating the trustees to assign appellee as a teacher in said schools.

The errors assigned are as follows:

(a) In overruling the demurrer to the complaint;

(b) In overruling appellant's motion for a new trial, in which it is alleged that the decision of the court is not sustained by sufficient evidence and is contrary to law.

It appears from the stipulation of facts by the parties that the School Town of Odon and of Madison School Township of Daviess County, Indiana, were consolidated in January, 1924, under the Acts of 1917, page 545, being Chapter 148 of the Acts of 1917, §§28-1220 to 28-1228 Burns 1933, §§6197-6206 Baldwin's 1934. It is admitted by appellants that the relator, Ray Allen, began teaching in said consolidated schools at the beginning of the school year 1929-1930, and thereafter taught continuously until the end of the school year, 1934-1935; that he taught under written contracts each year signed by himself and the secretary of the board of trustees during the school years 1929-1930, 1930-1931, 1931-1932, 1932-1933, 1933-1934, 1934-1935.

Section 28-4307 Burns 1933, §6003 Baldwin's 1934, provides as follows:

"Any person who has served or who shall serve under contract as a teacher in any school city corporation or in any school town corporation in the state of Indiana for five (5) or more successive years, and who shall at any time hereafter enter into a teacher's contract for further service with such corporation, shall there upon become a permanent teacher of such school corporation."

The original permanent teacher's Act of 1927, p. 259, applied to any school corporation in the State of Indiana, but the Act of 1933, Ch. 116, §1, p. 716, §28-4307 Burns 1933, §6003 Baldwin's 1934, only applies to teachers in any school city corporation or in any school town corporation in the State of Indiana. It has been recently held by this Court that the Act of 1933, *supra,* repealed the Act of 1927, in so far as it affects townships and township schools, and "removes the restriction upon the power of the school corporations so far as

it affects the preferential or so called tenure rights of teachers, and leaves the township officers free to renew teachers' contracts or not as may be deemed expedient." *State ex rel. Anderson* v. *Brand* (1937), (Ind.), 5 N. E. (2nd) 531; *School Corporation of Perry Twp.* v. *State ex rel. Sweeney* (1937), 211 Ind. 70, 5 N. E. (2nd) 630.

The question presented in the instant case is whether under the Act of 1933, the relator, appellee herein, is a permanent tenure teacher in the School Town of Odon. It is conceded that the public schools of the School Town of Odon and Madison School Township were consolidated under the Act of 1917, being Chapter 148, p. 545 of the Acts of 1917. Section 1 of said Act is as follows:

"BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF INDIANA, That the school trustees of any incorporated town or city of the fifth class located wholly within any township, and the school trustee of such township, are hereby authorized and empowered to consolidate the elementary schools or high schools, or both, of said corporations or to furnish consolidated school facilities for children of school age of both school corporations in the manner and upon the conditions hereinafter prescribed."

The case of *Ehle, Trustee* v. *State ex rel. Wissler et al.* (1922), 191 Ind. 502, 133 N. E. 748, is cited by both the appellants and appellees to support their respective contentions. This was a case which involved certain school funds. The School Town of Cambridge City and Jackson School Township were consolidated for school purposes under the Act of 1917, the same as in the instant case. Sections 2 and 3 of the Act provide for the submission of the question of consolidation to an election by the voters of the town or city and the township. Such elections of the legal voters of the respective school corporations shall be separate and independent. Section 4 relates to the

control of such consolidated school. Section 5 relates to the manner of electing the trustees. Section 6 relates to the duties of the board. Section 7 makes provisions for new buildings and repairs and the apportionment of the costs. Section 8 fixes the title and ownership of new buildings constructed, and section 9 relates to the transportation of children.

In construing the meaning of the Act in question, the court, in the case of *Ehle, Trustee* v. *State ex rel. Wissler et al., supra,* held that the consolidation of the schools did not create a separate entity and did not create a corporate body or independent school corporation. The court said (pp. 508-509):

"The act does not expressly make such consolidated schools a separate and distinct corporation, but on the contrary recognizes the corporate bodies entering into such consolidation as an existing entity. Each being represented on the consolidated school board, each required to pay the cost of transporting its own pupils to the consolidated school, and each separately to control, manage and maintain its schools not consolidated. The act apportions the cost of maintaining consolidated schools 'in proportion to the number of children of school age enumerated in each corporation.' While such cost is determined and the tax levy to meet it is made by the consolidated school board, yet the burden of producing the required revenue thus apportioned falls uniformly upon the taxable property of each corporation entering into the authorized school plan. In other words, in theory and in practice, each school corporation, to the extent that it enters into such plan, is taxed only to meet the cost of educating its own children of school age, and is not in opposition to the rule that taxes apportioned to a taxing district must be borne ratably by those constituting the public of that district. . . . The act provides for the appointment of a school board for such consolidated schools and fixes its duties. This provision determines the method of control and government of such authorized schools and confers particular duties on the board, in the

performance of which it acts as the agent of each school corporation. . . . From the general tenor of the act before us we are convinced that the general assembly did not intend thereby to disturb the then existing school corporations other than to grant them additional power in the organization of their schools supported by revenue apportioned to the individual corporations."

We are convinced that the construction upon the Act by the court in said case is correct and that the Legislature did not intend by the terms of said Act to disturb the then existing school corporations. This is clearly shown by several sections of the Act. In section 2 it is provided that, "such elections of the legal voters of the respective school corporations shall be separate and distinct." It is thus seen that each school corporation must give its consent by a majority vote before there can be a consolidation. Section 6 provides:

"Said school board shall perform the duties and shall have all the powers vested in the school boards of towns and cities of the fifth class under the law of this state. The cost of maintaining such consolidated schools shall be apportioned between the city or town in proportion to the number of children of school age enumerated in each corporation. Taxes to meet such cost shall be levied by said school trustees and collected in the city or town and the township in the same manner as other taxes are levied and collected."

Here it is seen that each school corporation is taxed only to meet the cost of educating its own children of school age. And, "said school board shall perform the duties and have all the powers vested in the school board of towns and cities of the fifth class under the law of this state." This provision, in effect and for all practical purposes, where there is a consolidation of a town school and township school or a township school and a city school of the fifth class, makes such consolidated school a town school corporation or a city school cor-

poration. This was evidently the intention of the legislature. One of the duties enjoined by law upon a school town corporation and a school city corporation is to employ one who has served or who shall serve under contract as a teacher in either of said corporations in the State of Indiana for five (5) or more successive years, and who shall at any time thereafter enter into a teacher's contract for further service with such corporation. Such a teacher becomes a permanent teacher of such school corporation. Section 7 and 8 also show that it was not the intention of the Act to make such consolidated schools a separate and distinct corporation. Under section 7 the costs of new buildings and repairs shall be apportioned between the city or town and the township in the territory outside of such city or town in the ratio that the taxable property of such city, or town, and the territory in the township outside such city or town bears to the whole amount of taxable property of said city, or town and township. If bonds are issued they must be of the separate corporations. Section 8 provides that any school house constructed under the provisions of the Act shall be joint property of said corporations and be owned by such corporations in proportion to the amount paid by each for the construction of the same. Neither of said corporations shall be deprived of its ownership in said buildings except on full compensation for its proportionate interest. Section 9 provides that each corporation shall be required to bear the expense of transporting its own children.

We think it is clear from a reading and construction of all the sections of the Act of 1917 that it merely grants, as said in the Ehle case, *supra,* "additional power in the organization of their schools supported by revenue apportioned to the individual corporations," and furthermore that the consolidated school board in the performance of its duties acts as the agent of each

school corporation. Moreover, consolidated schools partake of the form and character of town and city schools. A township school is governed entirely by the trustee and county superintendent while a town or city school is governed by its trustees and city superintendent of schools. A consolidated school is clearly not a township school as recognized by law.

We do not believe that the Act of 1933 removed the limitation upon the powers of consolidated school boards, such as we have here, in respect to removal of tenure teachers. It only removed the restrictions and limitations as applied to township schools controlled by a township trustee. Under the law and facts as presented, the appellee Ray Allen is entitled to be recognized as permanent teacher of said consolidated schools.

The demurrer was properly overruled and the evidence was sufficient to sustain the decision of the lower court and it was not contrary to law.

Judgment affirmed.