PATOKA SCHOOL TOWNSHIP OF PIKE COUNTY *v.* ASHBY.

[No. 15,868. Filed May 9, 1938.]

*Ely & Corn* and *Shake & Kimmell,* for appellant.

*Arthur S. Wilson* and *Ewing Emison,* for appellee.

BRIDWELL, J.—This appeal is from a judgment in favor of appellee, for the sum of $7,187.70, rendered in an action brought by appellee against appellant to recover damages for a breach of contract on the part of appellant, the complaint alleging facts to show that appellee was a permanent teacher with an indefinite contract under provisions of our Teachers' Tenure Law

(Acts 1927, ch. 97, p. 259), and that appellant refused to recognize his rights as such a teacher and refused to employ him as a teacher in the schools of the township, notwithstanding the fact that he was duly licensed and qualified, and entitled to such employment. The issues were closed by the filing of an answer in general denial to the amended and supplemental complaints of appellee. The cause was tried by the court, and, upon proper request, the court made and filed its special finding of facts and stated conclusions of law thereon. Appellant excepted to each conclusion of law. The judgment was in accord with the special finding made, and the conclusions of law stated. In due course appellant filed its motion for a new trial, assigning as causes therefor that the decision of the court is not sustained by sufficient evidence, and that the decision of the court is contrary to law. This motion was overruled, appellant excepted, and thereafter perfected this appeal. The errors assigned and relied upon for reversal are that the court erred in overruling appellant's motion for a new trial, and erred in the statement of each of its conclusions of law.

The special finding of facts is as follows:

### Number 1.

"The court finds that the defendant, Patoka School Township of Pike County, Indiana, is now and has been for more than twenty (20) years last past a school corporation in the State of Indiana.

### Number 2.

"The court further finds, that the plaintiff, Ora Ashby, served under written contracts as a teacher in the schools of the defendant, Patoka School Township of Pike County, Indiana, for more than five successive years at the time of the termination of the school year of 1926-1927 in the spring of 1927, which included the

school term commencing in September, 1921, and ending in the spring of 1922; the school term commencing in September, 1922, and ending in the spring of 1923; the school term commencing in September, 1923, and ending in the spring of 1924; the school term commencing in September, 1924, and ending in the spring of 1925; the school term commencing in September, 1925, and ending in the spring of 1926; the school term commencing in September, 1926, and ending in the spring of 1927.

### Number 3.

"The court further finds, that thereafter on the 3rd day of September, 1927, Ora Ashby entered into a teacher's written contract for further services as a teacher, with the defendant, Patoka School Township of Pike County, Indiana, which contract is in words and figures as follows, to-wit: (Here the written contract is set forth) and thereupon the plaintiff, Ora Ashby, became a permanent teacher of the defendant, Patoka School Township of Pike County, Indiana.

### Number 4.

"The court further finds, that (at) all times mentioned in Finding Number 2, and continuously thereafter to the present time, the plaintiff, Ora Ashby, has been and is now a duly licensed public school teacher in the State of Indiana under and by virtue of a license which is in the words and figures as follows, to-wit: (here the license is set out) which license has been in full force and effect from its date to the present time.

### Number 5.

"The court further finds, that during the school year of 1927-1928, the plaintiff, Ora Ashby, served as teacher in the schools of the defendant, Patoka School Township

of Pike 'County, Indiana, under and pursuant to the contract set out in Finding Number 3, and under and pursuant to the authority of the license set out in Finding Number 4.

And upon the expiration of said contract it was continued in force and effect for an indefinite period and became an indefinite contract.

## Number 6.

"The court further finds, that the defendant, Patoka School Township of Pike County, Indiana, refused to permit the plaintiff, Ora Ashby, to serve as a teacher in its schools after the expiration of the school year of 1927-1928 ending in the spring of 1928 and he has not served as a teacher in said school subsequently to the expiration of said school year in the spring of 1928.

## Number 7.

"The court further finds, that after the defendant, Patoka School Township of Pike County, Indiana, refused to permit the plaintiff, Ora Ashby, to teach further in its schools, and immediately prior to and at the time of the opening of the school year 1928-1929, and at all times thereafter to the present time, the plaintiff, Ora Ashby, was and held himself ready, able and willing and offered to serve as a teacher in said schools for the defendant, Patoka School Township of Pike County, Indiana, during the school year commencing in the fall of 1928 and to the present time.

## Number 8.

"The court further finds, that after the defendant, Patoka School Township of Pike County, Indiana, had refused to permit the plaintiff, Ora Ashby, to teach further in its schools, he attempted to obtain employment as a teacher elsewhere; and that he was unable to obtain

any employment as a teacher in any other schools thereafter.

### Number 9.

"The court further finds, that the salary of the plaintiff, Ora Ashby, as a permanent teacher, under the indefinite contract with the defendant, Patoka School Township, of Pike County, Indiana, was and is One Thousand Eight and 80-100 Dollars ($1,008.80) for a school year payable in eight (8) equal payments monthly, during each school year under the permanent teacher's contract from September, 1928, to the present time."

The conclusions of law stated are: (1) that the law is with the plaintiff, Ora Ashby; (2) that the plaintiff, Ora Ashby, is and has been continuously since the third day of September, 1927, a permanent teacher of the defendant, Patoka School Township of Pike County, Indiana, and is entitled to be recognized as such; (3) that the plaintiff is entitled to have and recover of and from the defendant, the sum of Seven Thousand One Hundred Eighty-Seven Dollars and Seventy Cents ($7,187.70) together with his costs laid out and expended in the sum of ——— dollars and ——— cents.

In that part of its brief devoted to "Points and Authorities" appellant has failed to consider any error in the conclusions of law, or either of them, and does not challenge the correctness of said conclusions as based on the facts found to be true by the court, except to assert in relation to conclusion of law No. 2 that: "This is not the law." Any claimed error in connection with the conclusions of law has been waived. See Rule 21, Clause 6, of the rules of the Supreme and Appellate Courts, effective November 15, 1933, in force when this appeal was taken; also, *Jones* v. *Moise* (1937), 104 Ind. App. 390, 8 N. E. (2d) 99; *Butler* v. *Collins* (1936), 210 Ind. 38, 199 N. E. 254.

The only other error assigned is the overruling of the motion for a new trial. It is contended that the decision of the court is not sustained by sufficient evidence, but, after reading the evidence, we are of the opinion that this contention is not sustainable. There is ample evidence to prove the facts to be as stated by the trial court in its special finding of facts, and this court will not weigh the evidence.

The appellant further contends that the decision is contrary to law, advancing as its sole reason for this assertion that since ch. 116 of the Acts of 1933 of our General Assembly has been in force "no teacher has been a tenure teacher under an indefinite contract in any township in the State of Indiana"; that ch. 97 of the Acts of 1927, *supra,* was repealed by said Act of 1933. The case of *State ex rel. Anderson* v. *Brand* (1937), reported in 5 N. E. (2d) 531, 110 A. L. R. 789, decided by our Supreme Court, is cited and relied upon by appellant, but this decision was reviewed by the Supreme Court of the United States (1937), 303 U. S. 95, 58 S. Ct. 443, and the question decided adversely to the contention here made. See also *State ex rel. Anderson* v. *Brand* (1938), (214 Ind.), 13 N. E. (2d) 955, a later decision of our Supreme Court in this same cause.

Under a state of facts such as found by the trial court to exist in the instant case, a teacher may recover the salary provided for by his or her contract, when prevented from performing the services called for by the contract through the conduct of the other party thereto. See *Jefferson School Township of Miami County* v. *Graves* (1926), 84 Ind. App. 84, 150 N. E. 61; *Keener School Township* v. *Eudaly* (1932), 93 Ind. App. 627, 157 N. E. 363; *Ratcliff* v. *Dick Johnson School Township* (1933), 204 Ind. 525, 185 N. E.

143; last cited decision of *State ex rel. Anderson* v. *Brand, supra.*

There was no error in overruling the motion for a new trial. Judgment affirmed.